## UNITED STATES v. ONE STEPHENS AUTOMOBILE.

(District Court, D. Oregon. March 28, 1921.)

No. L–8693.

Intoxicating liquors ⬳250—Procedure for forfeiture of automobile, used for illegal transportation of liquor, stated.

Under National Prohibition Act Oct. 28, 1919, tit. 2, § 26, when a person is arrested for the illegal transportation of liquor by means of an automobile, which is seized at the same time, it is not essential that an order of forfeiture or for the sale of the automobile should be made a part of the judgment of conviction of the person arrested; but such order of sale may be made in an ancillary proceeding instituted by information or libel, alleging the fact of conviction, in which proceeding all liens or claims against the property may be adjudicated.

Libel of Forfeiture. Suit by the United States against one Stephens Automobile, Model D–25, Oregon license for year 1920, No. 95271, engine No. 22268. On exceptions to libel by George Geyer, claimant. Exceptions sustained, with leave to amend.

Lester W. Humphreys, U. S. Atty., of Portland, Or.
Fee & Fee, of Pendleton, Or., for claimant.

WOLVERTON, District Judge. This is a proceeding in the nature of a libel to procure the condemnation and sale of an automobile, which, it is alleged, was seized while being used in the transportation of intoxicating liquors fit for beverage purposes, in violation of the National Prohibition Act (41 Stat. 305).

Among other things, it is shown by the libel or petition that on the 24th day of September, 1920, Special Indian Agent J. F. Rice, an officer of the law, arrested M. J. Ingalls and George Geyer in the act of transporting liquor in a Stephens automobile from a place to the libelant unknown to and upon the public streets of the city of Pendleton; that at the time of making the arrest the officer seized the liquor and the automobile, in pursuance of section 26, title 2, of the National Prohibition Act; that on said day the automobile was delivered by Rice to E. R.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Wolfe, a duly appointed and qualified deputy collector of internal revenue, and is now being held by the Internal Revenue Department, and is liable to forfeiture to the United States.

Monition is prayed, and a decree of the court condemning the automobile and directing a sale thereof, as required by the act in question.

It may be said, outside of the record, that Ingalls and Geyer were, prior to the institution of this proceeding, both convicted on their plea of guilty of transporting and having in their possession the intoxicants described in the petition. Geyer, who claims to be the owner of the automobile, has interposed exceptions to the libel, and contends in the main that the procedure by libel is without authority of law, because excluded by the provisions of section 26, title 2, of the act, and that a conviction or acquittal of the defendants, without a declaration of forfeiture of the automobile at the time and as part of the judgment then entered, constitutes a bar to any proceedings for condemnation subsequently instituted.

The questions involved depend for their solution upon the effect of the provisions of the section alluded to. The act denounced by this section is the transportation of liquors in violation of law, and requires that, when a person is discovered in the act, the liquors being transported shall be seized, the vehicle in which they are being carried taken into possession by the officer, and the person in charge thereof—that is, of the liquors and vehicle—arrested, all to follow practically concurrently with a discovery on the part of the officer of a person in the act of transporting liquors contrary to law. The vehicle used in transportation of the liquors becomes the offending thing, as the person discovered in the act is the offender, and is to be dealt with as section 26 of title 2 of the act further provides.

This section seems to contemplate that, upon conviction of the person apprehended in the transportation of the intoxicants, the vehicle or other craft used in such transportation shall be sold in any event, unless the owner show good cause to the contrary. United States v. Brockley (D. C.) 266 Fed. 1001. When sold, the proceeds thereof, after the payment of the expenses attending the seizure and sale and such bona fide liens as are established against the property, are required to be covered into the treasury of the United States. After sale, all liens against the property are transferred to the proceeds. Bona fide liens may be established by intervention or otherwise "at said hearing," or in other proceeding brought for the purpose. If, however, no one shall be found claiming the vehicle, it is provided that the taking of the same, with the description thereof, shall be advertised in manner provided, and, if no claimant shall appear within 10 days after the last publication of the advertisement, then that the property shall be sold and the proceeds paid into the treasury of the United States as miscellaneous receipts.

It would appear that the procedure provided, where no one is found claiming the property, is ample for divestiture of title, as appropriate notice to interested parties is provided, and an opportunity for any claimant to appear and presumably to be heard is afforded. But in the

first instance, as we have seen, the act directs that upon conviction of the person arrested, except upon good cause shown by the owner, the court shall order a sale at public auction of the property seized, that is, the vehicle or other craft used in transporting the intoxicants, and then how the proceeds shall be disposed of. No declaration of forfeiture or condemnation of the property seized is provided for. The provision for transferring the liens of claimants to the proceeds of the sale would seem to indicate a legislative purpose to extend to lien claimants the right to pursue their claims to the extent of proceeding against the proceeds after sale; that is to say, the sale itself was not designed to cut off controversy as to the rights of bona fide claimants touching the property seized and ordered to be sold. So it is manifest that the owner is not precluded by the order of sale and the sale made in pursuance thereof, nor are the lien claimants.

As to the procedure, the officer making the sale is required to pay all bona fide liens which are established by intervention or otherwise at "said hearing" or other proceeding brought for the purpose. An ambiguity exists as to what is meant by the use of the words "said hearing." Do they relate to the trial of the person arrested, or to the hearing brought on by intervention or otherwise, or other proceeding brought for the purpose of determining the validity of the liens claimed, or their relative priorities?

I am of the view that the latter was intended. The order of sale would seem to follow automatically upon conviction. There is no provision for a trial touching the rights of claimants to the property at the time of the trial of the person arrested. In fact, such a hearing would seem to be collateral to any issue as to the guilt of the person arrested. No notice of the seizure of the property is provided by which to preclude parties interested therein, unless it be that the seizure itself is deemed sufficient for the purpose. If the seizure is to be deemed sufficient, why provide later for advertising the sale in case no one shall be found claiming the property, and opportunity for claimants to appear in pursuance of the advertisement?

It is manifest that there is lack of definite procedure prescribed applicable in the first instance by which to determine the relative rights of all parties concerned in the property, so as to preclude them at once and for all time from further claiming any interest therein. Now, the government has, with a view to condemning the property seized and affording a hearing to all parties concerned, and disposing of the same as the law directs, instituted the present proceeding, through means of what is termed a libel, and the primary question is whether such proceeding is appropriate and can be availed of for the purpose.

Information by the Attorney General is the usual procedure by which to recover in behalf of the government for any debt or contract for moneys due it and for any forfeit due for the breach of a penal statute. 22 Cyc. 716. The petition filed in the present case answers the purposes of an information, though called a libel, and is obviously appropriate for the purpose of condemning the property involved, which

in effect is forfeited to the government by reason of its improper use in transporting intoxicants in violation of law.

Although it might be that section 26 has provided a sufficient procedure for condemning the property (United States v. Hydes [D. C.] 267 Fed. 470), which is doubtful, as appears from the foregoing review of the provisions of that section, I can see no possible objection to resorting to the proceeding by information for accomplishing the purpose. It is not an original proceeding, but is merely ancillary to the criminal cause. It affords a hearing to all parties concerned, and finally precludes all parties interested, and settles the title to the property condemned and the proceeds arising from a sale once and for all. Ancillary proceedings in aid of the main cause are common, and I need not stop to cite instances. I am of the opinion, therefore, that the present proceeding is not only appropriate, but that it is within the province of the court to entertain the same.

Answering the second ground for the exceptions, it is already apparent, from the foregoing analysis of section 26 of title 2 of the National Prohibition Act, that the duty of the court is to order a sale of the property, not a forfeiture or condemnation, and therefore it is not essential that the forfeiture be declared in the criminal cause. Nor is a previous conviction of the person charged with the transportation of the intoxicants a bar to the ancillary proceeding to condemn the vehicle or other craft used in the transportation thereof. The present proceeding in rem, as we have seen, has been invoked for the accomplishment of that purpose. How can it be said, then, that the proceeding puts the defendant twice in jeopardy for the same offense.

The forfeiture of the automobile is not a part of the penalty prescribed for doing the act for which the defendants were convicted; it is a thing that is to follow from the fact of conviction, and is so contemplated by the statute. It follows in such a case that conviction is not a bar to the subsequent proceeding for forfeiture. The latter is not calculated to put the defendant twice in jeopardy for the same offense. United States v. Three Copper Stills (D. C.) 47 Fed. 495. The cases of Coffey v. United States, 116 U. S. 436, 6 Sup. Ct. 437, 29 L. Ed. 684, and United States v. McKee, 4 Dill. 128, Fed. Cas. No. 15,688, are plainly distinguishable from the present.

That conviction was had in the criminal cause is a pertinent allegation to the government's right to condemn the automobile. For the want of such allegation, the libel or information must be held to be insufficient. The information, however, is amendable. The exceptions will therefore be sustained, with leave to the government to amend within 10 days.