### UNITED STATES v. ONE CADILLAC TOURING CAR.

(District Court, E. D. Michigan, S. D. August 15, 1921.)

No. 6460.

1. **Intoxicating liquors ⬗255—Vehicle used in illegal transportation may not be sold by government prior to conviction of person arrested.**

   Under National Prohibition Act, providing that in case of illegal transportation of liquor the officer shall seize the liquor, take the vehicle, and arrest the person in charge of it, the vehicle to be returned to the owner on execution of bond, and that on conviction of the person arrested the court may order the sale of the vehicle, an automobile may not be sold because of being used in illegal transportation of liquor before the driver transporting the liquor is convicted.

2. **Intoxicating liquors ⬗247—Vehicle used in illegal transportation not forfeited as a common nuisance; "kept."**

   Under National Prohibition Act, § 21, providing that "any * * * vehicle * * * where intoxicating liquor * * * is manufactured, sold, kept or bartered * * * in violation of this title * * * is declared to be common nuisance," and is forfeited, an automobile used in the illegal transportation of liquor is not forfeited as a common nuisance, where it was not alleged that the intoxicating liquor was manufactured, sold, or bartered in the automobile or kept therein and for such purpose; "kept" meaning the keeping for sale or other commercial purpose.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Keep.]

3. **Intoxicating liquors ⬗255—Vehicle used in illegal transportation not to be released during period of time trial can be had.**

   Where an automobile was used in the illegal transportation of liquor, and was seized, but released to the owner on giving bond, since the automobile may not be forfeited until the driver is convicted of the offense of illegally transporting liquor, the automobile cannot be released, and the bond canceled until the expiration of the time within which the trial can be had.

Forfeiture Proceeding. Libel by the United States of America against one Cadillac touring car. Petition by claimant for the release of seized automobile denied without prejudice.

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John E. Kinnane, U. S. Dist. Atty., and Fred L. Eaton, Asst. U. S. Dist. Atty., both of Detroit, Mich.

Henry Glicman, of Detroit, Mich., for claimant.

TUTTLE, District Judge. [1] The government, through the district attorney, filed a libel against the automobile involved in this proceeding, alleging that it was forfeited to the United States under the National Prohibition Act (41 Stat. 305) by reason of the violation of the provisions thereof, in that said automobile had been used in transporting certain intoxicating liquors without a permit therefor having been obtained from the Commissioner of Internal Revenue. The automobile had previously been seized by federal officials, the driver thereof arrested, and said automobile thereafter returned to the claimant on his execution of the required bond, all in accordance with the provisions of section 26 of the National Prohibition Act. Act Oct. 28, 1919, c. 85, 41 Statutes at Large, 305. This section provides as follows:

"When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting, in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this title in any court having competent jurisdiction; but the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond, with sufficient sureties, in a sum double the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the balance of the proceeds into the Treasury of the United States as miscellaneous receipts. All liens against property sold under the provisions of this section shall be transferred from the property to the proceeds of the sale of the property. If, however, no one shall be found claiming the team, vehicle, water or air craft, or automobile, the taking of the same, with a description thereof, shall be advertised in some newspaper published in the city, or county where taken or if there be no newspaper published in such city or county, in a newspaper having circulation in the county, once a week for two weeks and by handbills posted in three public places near the place of seizure, and if no claimant shall appear within ten days after the last publication of the advertisement, the property shall be sold and the proceeds after deducting the expenses and costs shall be paid into the Treasury of the United States as miscellaneous receipts."

After the arrest of the persons in charge of the car at the time of its seizure, and before their trial on the charge of violation of the

prohibition statute, they were released on bail and subsequently violated such bail and their bail bonds were declared forfeited. The owner of the automobile, the claimant here, was not arrested and claims that he had no notice that it was being used for any illegal purpose. Notwithstanding this claim, this court has found, after a hearing in open court at which claimant testified in his own behalf, that he did have such notice. The court is satisfied that, so far as the good faith of the claimant is concerned, the latter has not sustained the burden imposed upon him of showing good cause why a sale of this automobile should not be ordered, provided that such sale is otherwise warranted by law.

Claimant has filed a petition praying for the release of the car and the cancellation of the bond already referred to. The principal ground on which he bases his petition is that there has been no conviction of any person for the illegal transportation of intoxicating liquor in said car, and that consequently, by the terms of section 26, hereinbefore quoted, this court is without power to order said car confiscated and sold.

It will be noted that the section of the statute under consideration provides, first, that, when an officer of the law discovers a person transporting intoxicating liquor in an automobile or other vehicle "in violation of the law," he shall seize the liquor which is being transported "contrary to law." It is next provided that, when intoxicating liquor transported or possessed "illegally" shall be seized by an officer, he shall take possession of the vehicle and shall arrest any person in charge thereof. Such officer shall at once proceed against the person so arrested, and the vehicle shall be returned to the owner upon his execution of a proper bond conditioned to return the property to the officer "on the day of trial," to abide the judgment of the court. Finally, it is provided that "upon conviction of the person so arrested" the court shall order a public sale of the property so seized, unless good cause to the contrary is shown by the owner. This being a special statutory proceeding, the procedure thus prescribed must, of course, be strictly followed. It seems clear that the section in question contemplates and requires, as a prerequisite to the sale of the property seized, a judicial determination that such property has been used in violation of the law. Considering, then, the reference to the "person" discovered in the act of violating the law, to the "person in charge" who is to be arrested, to the "person arrested" who is to be prosecuted, to the "day of trial," and to the order of sale which is to be made by the court "upon conviction of the person so arrested," I reach the conclusion that the statute requires as a jurisdictional basis for the sale in question a conviction of the person so arrested, and that until such conviction the court cannot order such sale by virtue of any authority conferred by said section. United States v. Slusser (D. C.) 270 Fed. 818; United States v. Stephens Automobile (D. C.) 272 Fed. 188.

[2] The contention of the government that the automobile is subject to forfeiture as a common nuisance under the provisions of section 21 of the National Prohibition Act, providing that "any room, house,

building, boat, vehicle, structure, or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this title * * * is hereby declared to be a common nuisance," is clearly without merit, as it does not appear, and is not alleged by the government, that intoxicating liquor was manufactured, sold, or bartered in said automobile, or kept therein for such a purpose, and the word "kept," as used in section 21 just quoted, refers to keeping for sale or for other commercial purpose. Street v. Lincoln Safe Deposit Co., 254 U. S. 88, 41 Sup. Ct. 31, 65 L. Ed. ——, 10 A. L. R. 1548, decided by United States Supreme Court November 8, 1920.

[3] No other provision of law is called to my attention or has been discovered by me which would warrant the present sale of the automobile involved herein. On the other hand, I know of no authority which would justify me in releasing such automobile and canceling the bond of the claimant during the period of time within which the trial of the person arrested in connection with this seizure can be had.

An order will be entered denying the prayers of both the libel and the petition filed herein, without prejudice to the right to a renewal thereof on a sufficient showing of such a change in circumstances as would warrant proper relief.