## UNITED STATES v. ONE BUICK ROADSTER.

(District Court, E. D. Michigan, S. D.   December 2, 1921.)

### No. 6512.

Intoxicating liquors ⬅247—Conviction in federal court prerequisite to forfeiture of vehicle used in illegal transportation.

The conviction in a court having competent jurisdiction, which, under National Prohibition Act, § 26, is a prerequisite for forfeiture of a vehicle used in illegal transportation of liquor, is a conviction in a federal court of violation of such act, federal courts having, under Judicial Code, § 256 (Comp. St. § 1233), exclusive jurisdiction of offenses cognizable under authority of the United States; so conviction in a state court of violation of state prohibition is not enough.

Libel by the United States of America against one Buick roadster. Dismissed.

John E. Kinnane, U. S. Dist. Atty., and Frederick L. Eaton, Asst. U. S. Dist. Atty., both of Detroit, Mich.

McClear, Stein & Sarbaugh, of Detroit, Mich., for respondent.

TUTTLE, District Judge.   This is a libel filed by the government, through the United States attorney for this district, alleging that the respondent automobile was seized within the jurisdiction of this court by the proper officers of the United States, and that it is subject to forfeiture to the United States under the National Prohibition Act (41 Stat. 305) and by reason of the violation thereof, in that before its seizure it had been unlawfully used in transporting certain intoxicating liquor therein described without the necessary permit, and praying that said automobile be declared forfeited to the United States and sold or disposed of by the court under said National Prohibition Act. An order to show cause why such forfeiture should not be declared was issued to the claimant of said automobile, and on the hearing thereof it appeared that the driver of the automobile in question had been arrested by officers of the state of Michigan, and tried and convicted of violation of the state prohibition statute in one of the courts of said state, and that this automobile had been seized by federal officials at the request of state officers. It further appeared that no one had been convicted or tried in this or any other federal court for the illegal transportation or possession of intoxicating liquor in this automobile,

or on any charge in connection with the use of such automobile; nor is it claimed otherwise by the government.

Under these circumstances, it is clear that no basis has been shown for the forfeiture of the automobile in question. The jurisdictional requirements and procedure for any such forfeiture on the ground alleged in the libel herein, or under any provision of the National Prohibition Act, are set forth in section 26 of said act, which was considered by this court in the recent case of United States v. One Cadillac Touring Car, 274 Fed. 470. That section provides that—

"Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer, he shall take possession of the * * * automobile * * * and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this title in any court having competent jurisdiction. * * * The court upon conviction of the person so arrested, * * * unless good cause to the contrary is shown by the owner, shall order a sale * * * and shall pay the balance of the proceeds into the Treasury of the United States."

It is, of course, elementary that federal courts have exclusive jurisdiction of federal offenses. Section 256 of the Judicial Code (Comp. St. § 1233) expressly provides that—

"The jurisdiction vested in the courts of the United States * * * shall be exclusive of the courts of the several states * * * of all crimes and offenses cognizable under the authority of the United States."

It is therefore plain that the "conviction" in the "court having competent jurisdiction," referred to in the language of the National Prohibition Act just quoted, has reference to a conviction in a federal court. As, therefore, it has already been held by this court in the case just cited that the procedure prescribed by section 26 must be followed as a jurisdictional basis for the forfeiture of the automobile in question, and as such procedure requires a "conviction" under this federal statute before such automobile can be forfeited and sold, it follows that the libel and the proceedings based thereon in the present case are fatally defective in the respect pointed out, and such libel must therefore be dismissed, and an order entered directing the return of the automobile here involved to the claimant, in accordance with his petition filed herein.