CHATHAM MOTOR COMPANY *v.* GRIFFITH.

1. Section 26, title 2, of the national prohibition act does not violate the fifth amendment to the constitution of the United States.
2. Under that section the prohibition officer is not authorized to sell a vehicle seized because engaged in the illegal transportation of intoxicating liquors, without a judgment of a Federal court of competent jurisdiction, ordering the sale of the vehicle, granted after the conviction of the person in charge of such vehicle.

No. 3995.    MARCH 13, 1924.

Trover. Before Judge Freeman. City court of Savannah. August 30, 1923.

The Chatham Motor Company brought an action in bail-trover against Griffith, for the recovery of a certain described automobile. In his answer Griffith alleged substantially that this automobile

had been seized by certain Federal prohibition agents on Oct. 30, 1922, while it was being used in transporting whisky; that no occupants had been found in the automobile; and that the Federal prohibition agents had advertised and sold the automobile, on Nov. 22, 1922, at public outcry in pursuance of section 26, title 2 of the national prohibition act, when the defendant purchased the same, he being the highest and best bidder. Thereupon the plaintiff amended its petition and alleged that that portion of section 26, title 2, of the national prohibition act, under which the sale of the car was made was unconstitutional, because violative of the fifth amendment to the constitution of the United States, in that said statute does not provide for the filing of any libel, proceeding in rem, or the procurement of any order of court, judicial condemnation, or the judicial determination of any issues which might be involved in the case.

The case was submitted to the judge of the city court of Savannah, without a jury, upon an agreed statement of facts, as follows: "On Sept. 30, 1922, the plaintiff, Chatham Motor Company, sold to one Mrs. M. F. Davis a certain Chalmers automobile, which is fully described in paragraph second of the petition in this action. The sale was made under a conditional bill of sale, which retained title in the vendor until the entire purchase-price should have been paid. This conditional bill of sale was recorded in Chatham superior court on Oct. 9, 1922, in Book 17 O's, folio 228. The original contract is hereto attached, marked "Exhibit A," and reference is made thereto for all purposes relevant to this suit. On Oct. 30, 1922, the vendee still owed the sum of four hundred and seventy-five dollars and 20/100 ($475.20) dollars, besides interest from Sept. 30, 1922, on the purchase-price of the said automobile, and on that date the said automobile was seized by Federal prohibition agents E. L. Bergstrom and Bert DeLoach, in Chatham County, Georgia, while the same was being used in transporting twenty gallons of moonshine whisky; but the occupants of the automobile were not apprehended, for the reason that they jumped out of said automobile and made their escape. The illegal use of said automobile in transporting whisky was without the knowledge or consent of the plaintiff. Federal prohibition director F. D. Dismuke, who is the Federal prohibition director for the State of

Georgia, then proceeded to advertise the said automobile for sale, both by advertisement published in the Savannah Morning News and by handbills posted in accordance with the provisions of section 26, title II, of the Volstead act. A copy of the advertisement published in the Savannah Morning News is hereto attached, marked ' Exhibit B,' and reference is thereto made for all relevant purposes. The plaintiff admits that the advertisement and posted notices were in conformity with section 26, title II, of the Volstead act. So far as the said Dismuke knew, no claimant appeared to claim said automobile, and on the 22nd day of November, 1922, J. W. Griffin, agent of the said Dismuke and acting under his direction, exposed said automobile for sale at public outcry, and the same was bid in by R. H. Griffith, the defendant in this action, at and for the sum of two hundred and twenty-five ($225.00) dollars, he being the highest and best bidder therefor. The above-described seizure, confiscation, and sale was made by the said Griffin, acting solely in his capacity as Federal prohibition agent, and, as he believed, under authority of section 26, title II, of the Volstead act, without the filing of any information, libel, or other proceeding in rem, in the district court of the United States, or any other court, and without a judgment of said district court or of any other court condemning and confiscating said automobile and ordering the same sold. The clerk's office of the United States district court for said district, as well as the district attorney's office in said district, contained at the time of said sale no record whatsoever of the seizure, confiscation, and sale of said automobile.

"Chatham Motor Company received no actual notice that said automobile was to be sold by the said Griffin on Nov. 22, 1922; but on or about Nov. 15, 1922, it did receive actual notice of the aforesaid seizure of said automobile, receiving such notice through its customer, Mrs. Davis, and not through the advertisement or posted handbills. The plaintiff, Chatham Motor Company, received actual notice of the seizure of the said automobile on or about the 15th day of November, 1922, just one week before the sale on the 22nd. The plaintiff received notice through its purchaser, Mrs. Davis, and not through the posted notices or newspaper advertisement, and therefore did not know that the automobile was to be sold on the 22nd day of November. Plaintiff employed

counsel, who immediately inquired at the office of the clerk of the U. S. district court and at the office of the district attorney for said district; and finding no record of the seizure or confiscation of said automobile, plaintiff's attorney prepared a petition to said district court, directed against R. Q. Merrick, divisional chief of the general prohibition agent, and F. D. Dismuke, Federal prohibition director of Georgia, setting up plaintiff's claim to said automobile, and asking that the same be delivered to plaintiff. A hearing was had on said petition before his honor Judge William H. Barrett, at Augusta, Ga., on Nov. 22, 1922, the very day on which the said automobile was being sold at public outcry at Savannah, Ga., which fact was not known, however, to Judge Barrett, the district attorney, the plaintiff, or plaintiff's attorney. Judge Barrett passed an order setting up the claimant's lien in the sum of $475.20, besides interest, ordering the said automobile sold, and the payment of plaintiff's claim out of the proceeds arising from said sale. This petition and order were filed in Savannah on Nov. 23, 1922. Subsequently the defendants, Merrick and Dismuke, filed a petition in said district court, asking that the order of Nov. 22, 1922, be set aside, for the reason that they had not been served with the rule to show cause in said case, and that Mr. C. E. Donnelly, the assistant district attorney, who in their belief had waived service and consented to the aforesaid order, had acted without authority, and that the defendants had not had their day in court. A hearing was had upon this petition; and on Jan. 17, 1923, Judge Barrett passed an order vacating, dismissing, and declaring null and void the order of Nov. 22, 1922, for the reason that the service of the said petition was insufficient, and because said automobile had been sold before said order was signed.

"By agreement between counsel, copies of the various proceedings in the District Court of the United States are hereto attached and offered in evidence as though certified to be true copies—certification being hereby waived,—as follows: (1) Petition of Chatham Motor Co. against Merrick and Dismuke, marked "Exhibit C." (2) Order of court, dated Nov. 22, 1922, marked "Exhibit D." (3) Petition of Merrick and Dismuke to set aside order, marked "Exhibit E." (4) Response of Chatham Motor Co. to rule to show cause, marked "Exhibit F." (5) Order of court, dated Jan.

17, 1923, marked "Exhibit G." It is agreed that the monthly rental value of said property is fifty dollars per month, and that plaintiff made demand on defendant for said property on Nov. 24, 1922."

Upon submission to the court of this statement of facts the plaintiff moved for a money judgment in the sum of $481.54, with rent from Nov. 24, 1922, and for a special lien against the automobile. The court rendered judgment in favor of the defendant; to which judgment the plaintiff excepted on the ground that the latter part of section 26, title 2, of the national prohibition act is in violation of the fifth amendment to the constitution of the United States.

*Hugh M. Gannon, Samuel A. Cann, Henry M. Dunn,* and *Charlton M. Theus,* for plaintiff.

*Gibbs & Turner,* for defendant.

HINES, J. (After stating the foregoing facts.)

1. This case is in this court upon a constitutional question. The constitutionality of section 26 of title 2 of the national prohibition act is vigorously assailed, on the ground that it violates the fifth amendment to the constitution of the United States, which declares, among other wholesome doctrines, that no person shall "be deprived of life, liberty, or property, without due process of law." Civil Code (1910), § 6688. Properly construed, this section of this act does not deprive those who come within its purview of due process of law. This section contains these provisions: 1. The prohibition officer who discovers any person in the act of transporting, in violation of law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, shall seize such liquors. 2. After seizing the intoxicating liquors so illegally transported, the officer shall take possession of the vehicle and team, or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof. 3. Then the "officer shall at once proceed against the person arrested, under the provisions of this title, in any court having competent jurisdiction; but the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond . . conditioned to return said property to the custody of said officer on the day of trial, to abide the judgment of the court." 4. "The court, upon conviction of the person so arrested, shall order the liquor

destroyed, and, unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized." 5. "The officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise, at said hearing or in other proceeding brought for said purpose." 6. Finally, if no one claims "the team, vehicle, water or air craft, or automobile, the taking of the same, with a description thereof, shall be advertised in some newspaper published in the city or county where taken, or, if there be no newspaper published in such city or county, in a newspaper having circulation in the county, once a week for two weeks, and by handbills posted in three public places near the place of seizure; and if no claimant shall appear within ten days after the last publication of the advertisement, the property shall be sold and the proceeds, after deducting expenses and costs, shall be paid into the treasury of the United States." Fed. Stat. Ann. (2d ed:) Supp. 1919, p. 214.

From the above analysis of this section it will be seen that there is ample provision made for due process of law. If the person operating the vehicle transporting intoxicating liquors is arrested, and the liquors and the vehicle are seized, it is made the duty of the arresting officer to proceed against the defendant in a court of competent jurisdiction. This clearly contemplates that the person arrested shall have a trial in accordance with the procedure provided by the laws of the United States for the trial of persons charged with crime. If he is acquitted, that is the end of the matter. If he is convicted, then the court orders the liquor destroyed and the vehicle sold. Thus the person arrested, who is treated by the statute as the owner of the vehicle, is given notice and an opportunity to be heard upon the question of his guilt and upon the question whether the liquor and the transporting vehicle shall be forfeited. If other persons have liens upon the transporting vehicle, then provision is made for the establishment of such liens by intervention or otherwise at such hearing or by other proceeding brought for such purpose. If such liens are bona fide and were created without the lienors having any notice that the carrying vehicle was to be used for the illegal transportation of liquor, then

such liens will be ordered paid according to their respective priorities. Here due process of law is furnished to such lienors. If no claimant appears to assert title to the transporting vehicle, then the taking of the same with a description thereof shall be published as above provided; and if no claimant shall appear within ten days after such notice shall have been published once a week for two weeks, then the transporting vehicle shall be sold and the proceeds, after deducting expenses and cost, shall be paid into the United States treasury. Here full due process of law is provided for claimants of the transporting vehicle. They are notified by publication of the seizure of the vehicle. This notice is clearly given for the purpose of permitting them to claim the transporting vehicle, by intervention or otherwise, in the proceeding under which the person arrested was tried and convicted. This gives to claimants ample notice and opportunity to claim the seized vehicle and to assert their title thereto. Thus this statute contemplates that notice and opportunity of a hearing shall be given to the person operating the vehicle transporting intoxicating liquors, to persons who may have liens thereon, and to claimants who may wish to assert title thereto. *Wadley Southern Ry. Co.* v. *State,* 137 *Ga.* 497 (73 S. E. 741). Notice by personal service is not requisite to due process of law. Notice by publication is sufficient.

A proceeding in rem or one quasi in rem, dealing with a tangible res, may be instituted and carried to judgment without personal service upon claimants within the State, or notice by name to those outside the State, without violating the due-process clause of the State constitution. Leigh v. Green, 193 U. S. 79 (24 Sup. Ct. 390, 48 L. ed. 623). This principle applies to cases of undisclosed and unknown claimants. American Land Co. v. Zeiss, 219 U. S. 47, 61 (31 Sup. Ct. 200, 55 L. ed. 82). The arrest of the person operating the vehicle transporting intoxicating liquors, his subsequent prosecution and conviction, the seizure of the vehicle, the judgment of the court upon his conviction, ordering the liquor destroyed and the vehicle forfeited and sold, the subsequent published proclamation of the taking of the vehicle with the description thereof, and the manifest purpose of this section to permit claimants of the vehicle, after such publication, to come in and assert their title to the vehicle so seized, furnished ample and full due

process of law to all persons concerned in the transaction. The case is analogous to that of the seizure of a vehicle used in the removal of goods or commodities to deprive the United States of a tax imposed thereon under Revised Statutes, § 3450. In proceedings under this section of the Revised Statutes, it has been held, that the vehicle is the offender, and that the confiscation of the vehicle did not deprive the owner thereof in violation of the fifth amendment to the constitution of the United States. Logan v. United States, 260 Fed. 746; J. W. Goldsmith Jr.-Grant Co. v. United States, 254 U. S. 505 (41 Sup. Ct. 189, 65 L. ed. 376); United States v. One Saxon Automobile, 257 Fed. 251. While the forfeiture of a vehicle used for the transportation of intoxicating liquors under section 26 of the national prohibition act is not absolute as was the forfeiture of conveyances used in the removal of such liquors under Revised Statutes, § 3450 (United States v. Sylvester, 273 Fed. 253), the transporting vehicle and its operator are treated as the offenders. This section treats the automobile, as well as its operator, as the offender; and so construed and applied, it does not deprive the owner of his property in violation of the fifth amendment to the constitution of the United States.

2. But, for another reason, we think the judgment of the trial judge was contrary to law. The forfeiture of an automobile under the section of the national prohibition act, which we have under consideration, must be in strict pursuance of its terms. United States v. Hydes (D. C.), 267 Fed. 471; The Goodhope, 268 Fed. 694. It has been held that "the following elements are essential: (1) That an officer of the law discover some person in the act of illegally transporting liquor in the vehicle; (2) the seizure of the liquor so transported or possessed; (3) the seizure of the vehicle and arrest of the person; (4) that the officer proceed against the person and retain the vehicle, unless redelivered to the owner on giving bond; (5) conviction of the person and order of sale of the vehicle." United States v. Slusser, 270 Fed. 818. It is not essential that an order of forfeiture or for the sale of the automobile should be made as a part of the judgment of conviction of the person arrested; but such order of sale may be made in an ancillary proceeding instituted by information or libel, alleging the fact of

conviction, in which proceeding all liens or claims against the property may be adjudicated. United States v. One Stephens Automobile, 272 Fed. 188. An automobile cannot be sold because of being used in the illegal transportation of intoxicating liquors, before the driver transporting the liquors is convicted. United States v. One Cadillac Touring Car, 274 Fed. 470. A prerequisite of forfeiture of a vehicle used in the illegal transportation of liquors is the conviction in a Federal court of the person operating the same. A conviction in a State court for the violation of State prohibition is not enough. United States v. One Buick Roadster, 276 Fed. 407. To authorize the forfeiture of a vehicle because used for illegal transportation of liquors under this section of the Volstead act, the person in charge of the vehicle must previously have been arrested and convicted. United States v. One Packard Motor Truck, 284 Fed. 394. Unless the person in charge of the vehicle is convicted, the court is without jurisdiction to order the liquor destroyed. Margie v. Potter, 291 Fed. 285; United States v. Certain Quantities of Intoxicating Liquors, 291 Fed. 717. Clearly if the court would be without jurisdiction to order the liquor destroyed, it would be without authority to declare a forfeiture of the vehicle in which it is being transported, and to order its sale.

It appears that the prohibition officer, without the arrest and conviction of the person in charge of the automobile in question, and without any order or judgment of the court declaring the vehicle forfeited or ordering it sold, advertised and sold the same, thinking he had authority to do so under this section of the national prohibition act. Under these circumstances the sale of the automobile was illegal and void, and the title of the seller thereto, under his contract retaining title until it was paid for, was not divested; and he was entitled to recover the same from the purchaser at such sale.            *Judgment reversed. All the Justices concur.*