**STORK RESTAURANT CORPORATION v. McCAMPBELL.**

District Court, S. D. New York.
Jan. 19, 1932.

688

M. Michael Edelstein, of New York City, for plaintiff.

George Z. Medalie, U. S. Atty., of New York City (Arthur H. Schwartz, of New York City, of counsel), for defendant.

PATTERSON, District Judge.

This matter comes up on application by the plaintiff for a temporary injunction. The bill of complaint shows that the plaintiff is a New York corporation engaged in the restaurant business at 132 West Fifty-Eighth street, New York City, and that the defendant is the United States prohibition administrator in this state. The jurisdiction of this court is invoked on the ground that the constitutional provision against depriving a person of his property without due process of law is being violated by the defendant under a wrongful claim of authority from the laws of the United States. The plaintiff then alleges on information and belief that on December 22, 1931, prohibition agents under the defendant's direction entered and took possession of the plaintiff's premises, made arrests for violation of the National Prohibition Law (27 USCA) and for violation of section 3242 of the Revised Statutes (26 USCA § 191), and are preparing to remove the plaintiff's fixtures, furniture, and chattels from the premises on the pretext that they are forfeitable under section 3453 of the Revised Statutes (26 USCA § 1185): further, that the search, seizure, and arrests were made without any search warrant or warrant of arrest and without probable cause; and that section 3453 had not been violated. The bill then goes on to allege that the removal of such property from the premises prior to the institution of any forfeiture proceedings will cause irreparable damage to the plaintiff because some of the furnishings are attached to the real estate and other articles would be broken in moving them away. The defendant is said to be insolvent. The relief demanded is an injunction staying the defendant from seizing and removing any of the plaintiff's chattels, furniture, or other property.

Upon this bill and upon the affidavit of one Thomas Healy, the plaintiff on December 23, 1931, obtained a stay and an order to show cause why an interlocutory injunction against removal of the property from the premises should not be granted. Healy's affidavit shows that he is the president of the plaintiff, but it adds nothing of substance to the allegations set forth in the bill. The statements of fact in it are for the most part merely on information and belief.

In opposition to the granting of any relief to the plaintiff pendente lite, the defendant submits the affidavits of two prohibition agents, together with his own affidavit. In the affidavits of the two agents, they state positively that they purchased intoxicating tax-unpaid liquor on the premises on several occasions prior to the seizure and arrests as well as on that occasion. The details of the purchases are set forth. These affidavits describe also the circumstances surrounding the arrests and seizure. The premises are described in detail, showing that on the first four floors there are barrooms, dining rooms, and a kitchen, with the usual equipment, and on the fifth floor employees' quarters. Seizure of any articles on the fifth floor is disclaimed. In his own affidavit, the defendant states that he intends to have the equipment and furnishings which were associated with the carrying on of the alleged liquor business removed to a storage warehouse, to be kept there until the question of their forfeiture shall be determined in a libel to be instituted as soon as removal and inventory can be completed. He further states that in removing and storing articles, all means within reason will be taken to prevent breakage, waste, and deterioration. He disavows any intention of removing anything in the nature of real estate and also any intention of destroying any property without proper court order directing such destruction. After the oral argument, a supplemental affidavit was also filed by the defendant, showing that under his appointment as prohibition administrator, dated August 30, 1930, he was authorized by the Attorney General to enforce the National Prohibition Act and also all laws having to do with the taxation of intoxicating liquors.

On the motion papers, therefore, the case is one where prohibition agents, having probable cause to believe that intoxicating liquors, tax-unpaid, were being sold on the plaintiff's premises in violation of law, seized the liquors and the furnishings and equipment connected with the selling of the liquors, and now threaten to remove such articles from the premises for storage until legal proceedings looking to their forfeiture shall be instituted and determined. And the single question is whether the owner, having immediately brought a suit in equity to enjoin the removal of the furnishings from the premises, is entitled to a temporary injunction against the removal of such property from the premises prior to the filing of a libel by the United States for forfeiture.

As a general proposition, the right of a public officer to seize personal property carries with it the right to remove the property from the premises. This is certainly true of a sheriff on attachment or execution, unless removal would result in destruction of the property. "When he seizes, he may remove it for safe keeping, and this not only to give effect to the seizure, but for his own security." Catlin v. Jackson, 8 Johns. (N. Y.) 520, 548. See also Mills v. Camp, 14 Conn. 219, 36 Am. Dec. 488; Williams v. Powell, 101 Mass. 467, 3 Am. Rep. 396; Fullam v. Stearns, 30 Vt. 443; Grey v. Sheridan Electric Light Co., 19 Abb. N. C. (N. Y.) 152, 155. It must be fully as true in the case of an officer exercising the right of distraint or of seizure for forfeiture. The denial of power to remove seized articles to a place of security designated by law or selected by the officer would beyond doubt be an unwarranted restraint upon him and might seriously cripple the enforcement of the law. In fact, it is a trespass for the officers to remain on the premises longer than is necessary to remove the seized property, unless they have the owner's permission. See United States v. American Brewing Co. (D. C.) 296 F. 772, 777; Rowley v. Rice, 11 Metc. (Mass.) 337. It is plain, therefore, that such articles as the defendant had the right to seize on the plaintiff's premises he has the right to remove from the plaintiff's premises.

Under the National Prohibition Act, intoxicating liquors may be seized by prohibition agents as a step preliminary to proceedings for their forfeiture. So also as to property designed for unlawful manufacture of liquor and as to vehicles used for unlawful transportation of liquor. Sections 25 and 26 of title 2 of the act (27 USCA §§ 39, 40). These are the limits so far as seizure for forfeiture is concerned. The furnishings and equipment of a place where intoxicating liquor is unlawfully sold are not subject to seizure and forfeiture under that statute.

For his authority to seize the plaintiff's furnishings and equipment, the defendant relies on section 3453 of the Revised Statutes (26 USCA § 1185). The Supreme Court has recently held that under this statute the furnishings and equipment of a room where tax-unpaid liquors are sold are seizable and forfeitable. United States v. Ryan, 52 S. Ct. 65, 68, 76 L. Ed. ——, decided November 23, 1931. See also United States v. One Ice Box (D. C.) 37 F.(2d) 120; United States v. Ten Bottles (C. C. A.) 48 F.(2d) 545. In the Ryan Case the court said: "Notwith-

standing the broad language of the section, we think it may be given a reasonable construction, and the one most consistent with its apparent purpose, by the application of the principle noscitur a sociis. The taxed articles and the raw materials intended for manufacture are the principal things aimed at by the statute. Tools and implements by their use are connected incidents. By reason and analogy, as well as by context, we conclude that the general words 'all personal property whatsoever' were intended to include chattels other than the specified tools and implements, but to be restricted to those which, like tools or implements, are related to one or the other of the principal things, or incident to their intended use or disposition in fraud of the revenue. See United States v. Thirty-Three Barrels of Spirits [Fed. Cas. No. 16470], supra. Here the seized articles, being the furnishings and equipment of a room in which tax-unpaid intoxicating liquors were dispensed, were incident to the sale, and were so related to the tax evasion at which the statute was aimed as to be clearly embraced within both its purpose and its words."

In the present case, therefore, there can be no doubt that all the furnishings and equipment of rooms where tax-unpaid liquors were sold and also all articles on the premises related or incident to the sale of the liquor were subject to seizure and forfeiture.

▮ There is a question in the case as to who may make the seizure under section 3453. That section, read alone, prescribes that the seizure shall be made by a collector or deputy collector of internal revenue. But it is clear that by virtue of the Prohibition Reorganization Act of 1930 (27 USCA §§ 101–108), all the powers of seizure under section 3453 that the collector or deputy collector had, so far as intoxicating liquors and articles incident to their manufacture or sale are concerned, are now exercisable by prohibition officers. In the 1930 act, shifting the Bureau of Prohibition from the Treasury Department to the Department of Justice, the duty is specifically imposed upon the Attorney General of making all seizures under the National Prohibition Act or under the internal revenue laws if a violation of the National Prohibition Act is involved. Section 4 (a) (3) of act of 1930, 27 USCA § 104 (a) (3). And it is plain that this right of seizure has been transmitted by the Attorney General down to his subordinates, the defendant and prohibition officers acting under him. United States v. Dibella (C. C. A.) 28

F.(2d) 805, and United States v. Lecato (C. C. A.) 29 F.(2d) 694, although they involve the Reorganization Act of 1927 rather than that of 1930, in effect hold that prohibition officers now have the status of collectors of internal revenue in respect to intoxicating liquors manufactured or sold in violation of the National Prohibition Act. In the Ryan Case and the other two cases cited above where section 3453 was construed, the seizures of furnishings were made by prohibition officers; but in those cases libels for forfeiture had been commenced, the seizures had been adopted by the United States (see United States v. One Ford Coupe, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025), and the point as to the original authority of the officers to make the seizures was not presented.

▮ A temporary injunction of the sort sought here against a public officer can be granted only upon a strong showing that his threatened action is beyond the scope of his lawful authority. Upon the affidavits before me, there is no such showing. On the contrary it appears that the seizure and threatened removal of the furnishings and equipment in question are within the lawful authority possessed by the defendant. It follows that the plaintiff is not entitled to the relief asked for.

▮ I have not overlooked the plaintiff's argument that the removal of the furnishings is tantamount to their destruction. Of course, the defendant has no right to destroy the furnishings, or the liquor for that matter, unless ordered by the court to do so. Presumably he could be enjoined from destruction if that were really imminent. See In re Behrens (C. C. A.) 39 F.(2d) 561, 564. But there is no substantial showing that any destruction will take place. The defendant denies any such intention. And it is common knowledge that removal and destruction are not the same thing in the case of furniture.

▮ Nor have I overlooked the argument that the defendant is apt to remove more articles than he has a right to take under the rule laid down in United States v. Ryan, supra. If he should do so, the plaintiff will have a remedy in the forfeiture proceedings. The defendant says that he intends to remove only articles of personal property associated with the sale of tax-unpaid liquor, and we must assume that no others will be taken. Courts will not issue injunctions against administrative officers on the mere chance that they may not follow the law.

First National Bank v. Albright, 208 U. S. 548, 28 S. Ct. 349, 52 L. Ed. 614; Waite v. Macy, 246 U. S. 606, 38 S. Ct. 395, 62 L. Ed. 892.

The application for a temporary injunction will be denied, and the stay vacated.