**Wade REDFORD, Petitioner-Appellant,**

v.

**UNITED STATES DEPARTMENT OF TREASURY, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS, Respondent-Appellee.**

No. 81–1325.

United States Court of Appeals, Tenth Circuit.

Oct. 21, 1982.

Lee Allen Hawke, Boulder, Colo., for petitioner-appellant.

James W. Winchester, U. S. Dept. of Treasury, Denver, Colo. (Joseph Dolan, U. S. Atty., and Carole C. Dominguin, Asst. U. S. Atty., Denver, Colo., on brief), for respondent-appellee.

Before SETH, Chief Judge, and DOYLE and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

Wade Redford appeals a district court order dismissing his suit seeking compensation or the return of eighteen firearms seized from Redford's home. On appeal the issues are (1) whether the statutory prohibition against possession of firearms by a person who has been adjudicated mentally incompetent, see 18 U.S.C.App. § 1202 (a)(3), is unconstitutionally vague; (2) whether the district court erred in finding that Redford had been adjudicated mentally incompetent because in a 1974 state criminal case he had been found not guilty of assault by reason of insanity and committed to a state hospital; and (3) whether the government, in seizing the firearms without compensating Redford for them, violated the Fifth Amendment's prohibition against taking without just compensation.

In November 1974 a Colorado state court accepted Redford's plea of not guilty by reason of insanity to the criminal charge of assault in the first degree. Redford was then committed to the Colorado State Hospital in Pueblo, and confined there until given his conditional release in January 1976. About one year later, Redford received an absolute release.

In July 1979 Redford was again arrested, this time on charges of misdemeanor harassment and misdemeanor menacing of Evelyn Stifka, his housekeeper. Although the prosecution dismissed the charges, Stifka earlier told police that at the time Redford allegedly harassed her, Redford was carrying a revolver strapped around his waist and another stuffed into his boot; and that Redford kept at his house between twenty-five and thirty weapons and between 5,000 and 10,000 rounds of ammunition.

Investigating officers then obtained a warrant to search Redford's home for firearms and ammunition. There they found many guns and a great deal of ammunition. Although the police returned several firearms after learning that they belonged to Redford's son, they refused to return eighteen of them. A Boulder County, Colorado judge then ordered the remaining eighteen firearms returned to Redford. But when Redford's attorney appeared at the Boulder County Sheriff's Department to take custody of the firearms, an agent of the Bureau of Alcohol, Tobacco, and Firearms seized

them, pursuant to 18 U.S.C. § 924(d) and 18 U.S.C.App. § 1202(a)(3).

When Redford failed to file a claim with the Bureau for return of the firearms within the prescribed time, the government declared them forfeited to the United States. Thereafter, Redford unsuccessfully sought relief in federal district court.

Redford first alleges that section 1202(a)(3) is unconstitutionally vague because the statute does not define "mentally incompetent."[1] A vagueness challenge to a statute not involving First Amendment freedoms "must be examined in the light of the facts of the case at hand." *United States v. Mazurie,* 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706 (1975). That Congress might have more precisely defined a term does not render a statute unconstitutionally vague, *United States v. Powell,* 423 U.S. 87, 94, 96 S.Ct. 316, 320, 46 L.Ed.2d 228 (1975), as long as it is not so uncertain that people of "common intelligence must necessarily guess at its meaning and differ as to its application," *Connally v. General Const. Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926). In the instant case, we must determine whether people in Redford's position would reasonably understand that the statute applied to them.

Although section 1202(a)(3) does not define what constitutes being "adjudged by a court of the United States or of a state or any political subdivision thereof of being mentally incompetent," we believe people of common intelligence would understand that language to include persons found not guilty of a criminal charge by reason of insanity. Congress clearly intended to keep guns out of the hands of those who have demonstrated that " 'they may not be trusted to possess a firearm without becoming a threat to society.' " *Scarborough v. United States,* 431 U.S. 563, 572, 97 S.Ct. 1963, 1968, 52 L.Ed.2d 582 (1977) (quoting Sen. Russell Long, sponsor of section 1202). Given Congress's intent, we conclude that as applied to Redford, section 1202(a)(3) is not unconstitutionally vague.

Because we believe section 1202(a)(3) applies to persons who have been found not guilty by reason of insanity, the district court properly held that Redford had been adjudicated mentally incompetent, for purposes of the statute, when he was found not guilty by reason of insanity; thus we reject Redford's contention to the contrary. We also reject Redford's contention that the district court erred because the statute should not be read to include people who, like Redford, have been released from commitment. Section 1202(a)(3) provides no exceptions for people who have regained their competency or sanity or who have been released from confinement.

Finally, Redford claims that since the Fifth Amendment prohibits the government from taking private property without just compensation, the district court should have ordered the government to compensate him for the firearms it seized. However, it has long been settled that if the government acts pursuant to a forfeiture statute, it may seize personal property without compensating the owner. *See, e.g., J. W. Goldsmith, Jr.-Grant Co. v. United States,* 254 U.S. 505, 510–11, 41 S.Ct. 189, 190–191, 65 L.Ed. 376 (1921); *United States v. One 1970 Buick Riviera Bearing Serial No. 494870H910774,* 463 F.2d 1168, 1171 (5th Cir.), *cert. denied sub nom. National Am. Bank of New Orleans v. United States,* 409 U.S. 980, 93 S.Ct. 314, 34 L.Ed.2d 244 (1972); *McKeehan v. United States,* 438 F.2d 739, 742 (6th Cir. 1971). Redford's firearms were seized and declared forfeited pursuant to statutory and administrative regulations; therefore the government need not compensate him.

AFFIRMED.

---

1. Section 1202(a)(3) prohibits any person who "has been adjudged by a court of the United States or of a state or any political subdivision thereof of being mentally incompetent" from receiving, possessing, or transporting in commerce any firearm.