Sidney D. WALKER and S.D.W., Incorporated, a Colorado corporation, Plaintiffs-Appellants,

v.

The CITY OF DENVER, a Municipal corporation; Denver Police Officers Robert A. Ortiz, Dennis Talty, and Bruce Chesy, Defendants-Appellees.

No. 83CA0641.

Colorado Court of Appeals, Div. II.

Jan. 23, 1986.

Rehearing Denied Feb. 27, 1986.

Certiorari Denied June 16, 1986.

Robert E. Barker, Denver, for plaintiffs-appellants.

Halaby & McCrea, Theodore S. Halaby, Leslie L. Schluter, Denver, for defendants-appellees.

SMITH, Judge.

Plaintiff Sidney Walker appeals a judgment of the trial court, entered upon jury verdicts in favor of defendants, dismissing his complaint for trespass and conversion against the City and County of Denver (city) and certain of its police officers. On appeal, plaintiff contends the trial court erred in instructing the jury on forfeiture of property rights for violating provisions of the Colorado Liquor Code and in failing to find, as a matter of law, that defendant officers exceeded their authority under a search warrant by removing permanently attached fixtures from plaintiff's real property. We reverse and remand for a new trial.

Evidence adduced at trial reveals the following facts. Plaintiff owned certain premises located in east Denver known as the Club Swahili. The City had granted plaintiff a Recreational, Amusements or Social Activities License which did not permit the sale of alcoholic beverages on the premises. The evidence disclosed, however, that plaintiff, doing business as the Club Swahili, had a history of prior violations of the Colorado Liquor Code which preceded the instant investigation and search.

At 12:35 a.m. on May 1, 1977, defendant officer Ortiz executed an affidavit for search warrant pursuant to § 12–47–132(1), C.R.S. (1985 Repl.Vol. 5) of the Colorado Liquor Code wherein he stated his belief that plaintiff's premises were again being used for the illegal sale of alcoholic beverages without a liquor license. A search warrant was forthwith issued pursuant to § 12–47–132(2), C.R.S. (1985 Repl.Vol. 5), and the search was conducted during the pre-dawn hours of that date.

The parties stipulated to the validity of the search warrant. It authorized search of plaintiff's property "to include entire premises, hallway at rear of address, and basement of this address as described in affidavit." The search warrant authorized the seizure of malt, vinous, or spirituous liquors and other evidence. It also authorized seizure of "all implements and furniture used and kept in connection with such liquors in the illegal selling, bartering, exchanging, and or giving away."

Plaintiff testified that some twenty-five city police officers executed the warrant under the direction of the named individual defendants. The search consumed some five hours. He concedes the validity of the entry and seizure of certain personal property pursuant to the warrant. However, in support of his damage claim, plaintiff asserted that defendant officers exceeded the boundaries and scope of the warrant. Included among his allegations of improper conduct was his testimony that several of the officers drank beer during execution of the warrant and that they placed a sign in the window which read "closed for remodeling."

Plaintiff alleged that defendants further exceeded the scope of the warrant by destroying a bar affixed to the real property when they cut it into pieces and used an axe and crowbar to remove it, by removing bar stools bolted into the concrete floor, and by removing other permanently attached fixtures such as overhead lights, booths, recessed lighting fixtures, and plumbing fixtures.

As a result of the search and seizure, plaintiff was charged with violations of the Colorado Liquor Code, § 12–47–101, et seq., C.R.S. (1985 Repl.Vol. 5). Those charges, however, were subsequently dismissed and the property which had been seized was released to plaintiff.

In the action at issue, plaintiff seeks an award of damages for trespass and conversion for damage to his real property and to fixtures which had been permanently attached thereto.

## I.

Plaintiff argues that, because he was not convicted of any liquor code violation, the trial court erred in instructing the jury that it should consider the language of § 12–47–134(2), C.R.S. (1985 Repl.Vol. 5) which provides:

"There shall be no property rights of any kind in any alcoholic liquors, vessels, appliances, fixtures, bars, furniture, implements, wagons, automobiles, trucks, vehicles, contrivances, or any other things or devices *used in or kept for the purpose of violating any of the provisions of this article.*" (emphasis added).

Plaintiff contends that this instruction misled the jury because it implied that plaintiff lacked any property rights in the bar and other permanently attached fixtures. He further argues that this instruction led the jury to conclude either that defendant officers did not exceed the scope of the search warrant by removing those fixtures or that plaintiff had forfeited any property rights in them and was therefore not entitled to any damages.

■■■ We agree that the giving of this instruction constituted reversible error and therefore we reverse and remand for a new trial. Further, we hold that a criminal conviction under § 12–47–133(2), C.R.S. (1985 Repl.Vol. 8) is a condition precedent to forfeiture of property or property rights based upon a violation of the Colorado Liquor Code.

■ If the government acts pursuant to a forfeiture statute, it may seize personal property without compensating the owner. *Redford v. U.S. Dept. of Treasury,* 691 F.2d 471 (10th Cir.1982). Thus, the state in the exercise of its police power may appropriate, without compensation, certain types of property employed in the commission of a crime in order to prevent the continuance of unlawful activity. *People v. Angerstein,* 194 Colo. 376, 572 P.2d 479 (1977).

■ Forfeiture statutes are thus premised on the notion that the thing to be forfeited has itself offended society, either because it is contraband or because it has been used to violate laws deemed of special social importance. *State v. One 1978 Chevrolet Corvette,* 8 Kan.App.2d 747, 667 P.2d 893 (Kan.App.1983). But, as a matter of public policy, forfeitures are generally not favored in the law—they may be enforced only when accomplished within the letter and spirit of the law. *People v. Angerstein, supra; United States v. One 1936 Model Ford,* 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249 (1939).

Section 12–47–133, C.R.S. (1985 Repl.Vol. 5) authorizes an officer to seize, pursuant to a search warrant issued according to § 12–47–132, C.R.S. (1985 Repl.Vol. 5), any alcoholic liquors as well as any implements or furniture used or kept in violation of the Colorado Liquor Code. These sections make no reference to fixtures. Section 12–47–133(2) further provides relative to forfeiture:

"*Final judgment of conviction* in such proceedings shall be a bar to any suit for the recovery of any such property so seized or the value of same or for damages alleged to arise by reason of such seizure and detention. *The judgment entered shall find said liquor to be unlawful and shall direct its destruction or sale forthwith*.... The wagon, automobile, truck, vehicle, contrivance, thing, or device, vessels, implements, and furniture shall likewise be ordered disposed of in the same manner as personal property is sold under execution, and the proceeds therefrom applied, first in the payment of the cost of the prosecution and of any fine imposed, and the balance, if any, paid into the general school fund...." (emphasis added)

In construing a statutory provision nearly identical to that underlying the jury instruction challenged here, the Colorado Supreme Court, in *Hoover v. People,* 68 Colo. 249, 187 P. 531 (1920), held that "[i]t must be that the intention of [the statute at issue] was to destroy the proprietary interest of the violators of the law, including accessories before and after the fact ... but not the interest of wholly innocent proprietors." *Cf. Lindsley v. Werner,* 86 Colo. 545, 283 P. 534 (1929).

In construing the precursor statutes to the ones at issue here, the court in *Lindsley v. Werner, supra,* held that the statute identical to the present § 12–47–133(2) provided that property used or kept for the purpose of violating provisions of the intox-

icating liquor code would be forfeited to the state. It also held that the precursor of § 12–47–134(2) provides *only* that there shall be no property rights of any kind whatsoever in property forfeited under what is now § 12–47–133(2). Thus, the latter section does not confer any forfeiture authorization.

The repealed National Prohibition Act (Act of Oct 28, 1919, ch. 85, title II, § 26, 41 Stat. 315, 27 U.S.C.A. § 40) contained a provision that is substantially similar to § 12–47–133(2). It provided in part that: "The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized." Construction of that statute led to the conclusion that it "contemplates and requires, as a prerequisite to the sale of the property seized, a judicial determination that such property has been used in violation of the law," and that a conviction of the person arrested for violating § 26 was required as a jurisdictional basis for the sale of the seized property. *United States v. One Cadillac Touring Car*, 274 F. 470 (D.Mich. 1921). *See also* Annot, 3 A.L.R.2d 738.

■ We therefore conclude that § 12–47–133(2), and not § 12–47–134(2), provides for forfeiture of personal property used or kept in violation of the Colorado Liquor Code. Consistent with the foregoing interpretations, we construe § 12–47–133(2) as specifically requiring that a conviction of liquor code violation is a condition precedent to forfeiture under that statute.

Here, neither plaintiff nor his lessee were convicted of violating the Colorado Liquor Code. Accordingly, plaintiff could not have lost property rights in any of the property seized, and the giving of § 12–47–134(2) as an instruction constituted reversible error. *Cf. Lindsley v. Werner, supra.*

## II.

Plaintiff next argues that neither § 12–47–132 nor the warrant authorized defendant officers to seize and remove fixtures such as plaintiff's bar, bar stools, booths,

plumbing fixtures, lighting fixtures, and other property permanently affixed to, and made an integral part of, his real property. Plaintiff contends that, by severing and removing such fixtures, defendant officers acted unreasonably and beyond the scope of their authority under the warrant, and that they therefore acted at their own peril. Because this issue involves a question of law that will arise in the new trial, we address it here.

■ One implication of the Fourth Amendment guarantee against unreasonable search and seizure is that if government agents act in violation of that constitutional guarantee, such violation gives rise to a cause of action for damages resulting from such conduct. *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Therefore, should a police officer go beyond the scope of the law, he may become civilly liable and is not shielded by the doctrine of official immunity. *Mason v. Wrightson*, 205 Md. 481, 109 A.2d 128 (1954). *See Cooper v. Hollis*, 42 Colo.App. 505, 600 P.2d 109 (1979). Officers who enter under a warrant and rightfully seize certain property but wrongfully seize other property, are liable as trespassers *ab initio* as to the property wrongfully seized. *United States v. Nine 200-Barrel Tanks of Beer*, 6 F.2d 401. (D.Rhode Island 1925).

■ While the right of public officers to seize personal property carries with it the right to remove the property from the premises, such removal is unjustified if it would result in the destruction or substantial damage to the real property. *Stork Restaurant Corp. v. McCampbell*, 55 F.2d 687 (S.D.New York 1932). And, absent the owner's permission, it is a trespass for the officers to remain on the premises longer than is necessary to remove the seized property. *Stork Restaurant Corp. v. McCampbell, supra.*

■ A reasonable search under a valid warrant "must be one in which the officers are looking for specific articles and must

be conducted in a manner reasonably calculated to uncover such articles. Any search more extensive than this constitutes a general exploratory search and is ... unreasonable...." *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996 (1963).

Section 12–47–132 and the search warrant alike authorized officers to seize "implements and furniture used in connection" with alcoholic liquors kept or used for unlawful purposes. But that statute does not authorize the severance and seizure of items which, by virtue of their permanent attachment to realty, have become fixtures. The sole reference to "fixtures" in the entire liquor code is contained in § 12–47–134(2) which, as we ruled above, is not a section which authorizes forfeiture.

■ Since, as a matter of law, defendant officers were not authorized either under the warrant or by virtue of § 12–47–132, to sever fixtures from plaintiff's realty, we conclude that, insofar as they may have done so, their search for, and seizure of, fixtures was *per se* unreasonable and subjects defendants to civil liability for such damages as may have resulted therefrom.

■ We make no determination as to which items constituted fixtures. Because that issue involves factual determinations, we leave it for resolution by the jury, under proper instructions, upon remand. *See Samett v. Whelan,* 147 Colo. 41, 362 P.2d 559 (1961).

The judgment is reversed and the cause is remanded for a new trial.

VAN CISE and STERNBERG, JJ., concur.