## No. 9577.

### HOOVER ET AL. *v.* THE PEOPLE.

1. INTOXICATING LIQUORS—*Statute Construed.* Libel under the Act of 1915 as amended by c. 82 of the Acts of 1917. No search warrant being in the hands of the officer at the time of the seizure of the liquors *held* that the proceeding could not have been under sec. 11 and 12 of the act. Sec. 12 can be made to apply only to things seized under a warrant issued pursuant to sec. 11.

2. *Forfeiture.* The seizure without warrant of a vehicle being used for the carriage of liquors, is justified only under section 13, and the vehicle cannot therefore be declared forfeit.

A statute like that in question will not be construed to forfeit the property of an innocent person unless this result is unavoidable. Such a penalty must be expressed in unambiguous terms.

Sec. 20 will not be construed to authorize destruction of the property of an innocent person used unlawfully by another, without the owner's consent or knowledge, for the unlawful carriage of intoxicating liquors.

*Error to Adams County Court, Hon. W. C. Hood, Jr., Judge.*

*En Banc.*

Mr. HARRY S. CLASS and Mr. M. B. WALDRON, for plaintiffs in error.

Hon. VICTOR E. KEYES, Attorney General, Mr. CHARLES ROACH, Deputy Attorney General, and H. C. RIDDLE, for The People.

Mr. Justice Denison delivered the opinion of the court.

THIS was an information in the name of the People, in the nature of a libel under the initiated statute of November 5, 1918, to declare forfeit certain whisky and the automobile in which it was captured. The facts before this court are agreed on.

The plaintiffs in error, George Hoover and M. H. Richards, were partners operating a garage, automobile livery and taxicab business in Denver. They employed a number of chauffeurs, and owned and used the machine in question in that business. Ethel May Richards, plaintiff in error, and intervenor below, was a *bona fide* mortgagee of said automobile. Neither she nor Richards nor Hoover knew that it was used to carry liquor, or had any notice or knowledge sufficient to put them on inquiry. Richards and Hoover instructed "all their drivers not to use *the car* for transporting intoxicating liquor in any way."

In the early morning of January 28th, 1919, one James Midgett, a chauffeur in the employ of Richards and Hoover, was driving said automobile in Adams County, carrying therein fifty-seven cartons of whisky. He was pursued by the sheriff and *posse*, was fired on and wounded. He then abandoned the car, escaped and has never been apprehended. The officers were acting without a warrant.

February 17th, 1919, this proceeding was begun. Plaintiff in error, Ethel May Richards, intervened, claiming under her chattel mortgage. No question was raised as to the forfeiture of the whisky, but Richards and Hoover contested the forfeiture of the automobile on the ground that they were *bona fide* owners, and innocent of any wrong. The court declared the automobile forfeited. The case is brought here on error, and the question we are asked to determine is, whether the interest of a wholly innocent person in a vehicle used for the unlawful transportation of intoxicating liquor is forfeited because of such unlawful use? Under the present facts there can be no forfeiture. The procedure, if valid at all, must be so under chapter 98 of the Session Laws of 1915 as amended by chapter 82 of

the Session, Laws of 1917, and chapter 141, S. L. 1919, the last being the so-called "Bone Dry Act" initiated and passed by the people in November, 1918.   The sections particularly referred to are known as the Search and Seizure sections— Sec. 11 of the Act of 1915, as amended in 1917 (S. L. 1917, 285-6-7), Sec. 12 of that Act as amended in S. L. 1919, pp. 484-5, Sec. 13 (S. L. 1919, pp. 465-466) and Sec. 20 (S. L. 1919, p. 467).   Said sections are as follows: "Section 11. Search and Seizure.—If any person make an affidavit before any Justice * * * or Judge * * * stating that he has reason to and does believe that intoxicating liquors are being * * * kept * * * or carried in violation of this act * * * and describing in said affidavit the premises, wagon, automobile * * * or device to be searched, then such justice or judge * * * shall issue a warrant to any officer which the complainant may designate * * * commanding such officer to search the premises * * * automobile * * * or device described in such affidavit. * * * The officer charged with the execution of said warrant may * * * break open any premises * * * automobile * * * or device, * * * which by said warrant he is directed to search; and may execute said warrant any hour of the day or night."

This section then prescribes the form of warrant, which requires the officer to search the designated premises and bring before the judge any liquor which may be found in such search, and the vehicle which carried it.

"Sec. 12.   Duty of Officer.—If any intoxicating liquors are *there found*, said officer shall seize the same and the vessels in which they are contained * * * and any * * * automobiles * * * or device used in conveying same, and them safely keep and make immediate return on such warrant.   *Such* property shall not be taken from the custody of any officer seizing or holding the same, by writ of replevin or other process, while the *proceedings relating thereto* are pending.   Final judgment of *conviction* in *such* proceedings shall be a bar to any and all suits for

the recovery of any *such* property *so seized,* or the value of the same, or for damages alleged to arise by reason of *such* seizure and detention. The judgment entered shall find said liquor to be unlawful and shall direct its destruction forthwith. * * * *The said* * * * *automobile* * * * *or device* * * * *shall likewise be ordered disposed of as personal property is sold under execution and the proceeds therefrom applied, first, in the payment of the costs of the prosecution and of any fine imposed, and the balance, if any, paid into the general school fund of the county in which such conviction is had.* * * * The officer serving the warrant shall forthwith file a complaint in the court issuing same, charging such violation of law as the evidence in the case justifies. If such officer refuses or neglects to file such complaint, then the person filing the affidavit for the search warrant, or any other person, may file such complaint. * * *

Sec. 13. Officers Search.—Any sheriff, * * * or any other officer or person authorized by this act, having personal knowledge or reasonable information that intoxicating liquors are being kept in violation of law in any place * * * shall search such suspected place without a warrant, and without any affidavit being filed, and if such officer or person finds upon the premises intoxicating liquors, he shall seize the same together with the vessels in which they are contained * * * and any * * * automobile * * * or device used in conveying said liquors or kept for the purpose of violating any of the provisions of this act, and arrest any person or persons in charge of such place, or aiding in any manner in carrying on the business conducted in such place, and shall take such person, or persons, with the liquors * * * automobile * * * or device, so seized, forthwith, or as soon as convenient, before a justice of the peace or judge of any court in the county in which such seizure is made having jurisdiction * * * and without delay make and file a complaint for such violation of law as the evidence justifies. It shall be lawful for officers in executing the duties imposed

upon them by this section to break open doors or enclosures for the purpose of obtaining possession of such intoxicating liquors."

"Sec. 20.   No Property Rights.—There shall be no property rights of any kind whatsoever in any liquors, vessels, appliances,   *   *   *   automobiles,   *   *   *   or   devices used in or kept for the purpose of violating any of the provisions of this Act."

We find no provision for forfeiture unless it be that sentence of section 12 which we have italicized, or section 20, which we have quoted.   No search warant was in the hands of the sheriff at the time of the seizure.   It follows that the proceedings could not have been under sections 11 and 12. Section 12 applies only to thing seized under a search warrant issued under section 11.   It cannot be made to apply to any other property.   Such a statute will not be construed to forfeit property of an innocent person unless such construction is unavoidable.   *Shawnee N. Bank v. U. S.*, 249 Fed. 583, 161 C. C. A. 509.

The seizure of the automobile in question, since it was without the warrant required by section 12, can be justified only under section 13 ; but under this section there is no provision for forfeiture.   There is, perhaps, reason why there should not be, because search and seizure without warrant is a harsher and more drastic proceeding than with warrant and it may be that it was desired and intended for that reason to make the penalty less severe.   Be that as it may, however, we cannot add the penalty of forfeiture to a statute. Such a penalty must be expressed in distinct terms.   Here it is not expressed at all.

But counsel for the people say that, since section 20 provides that there shall be no property in an automobile used in violating this act, the plaintiffs in error, when it appeared that the automobile was so used, had no more claim upon it than any one else, and, if we understand their argument correctly, they claim that therefore, even though the proceedings in the court below were wholly unauthorized, the plaintiffs in error cannot complain.   This presents the only

question in the case which we find difficult: Does section 20 destroy the property of an innocent proprietor in a thing used unlawfully in connection with intoxicating liquor? It is true that the literal terms of this section will, if carried out, have that effect, but we are not so to construe a statute if such construction is avoidable, (*Shawnee N. Bank v. U. S.*, 249 Fed. 583, 161 C. C. A. 509), and if we give the terms their literal effect, without limitation, we find it almost incredible that they could have been so intended.

It should be borne in mind that the property here sought to be confiscated by forfeiture is in itself lawful property and not obnoxious in any way to the criminal laws of the state.

If property, not itself obnoxious to the statute, is forfeited by reason of use in violation of the statute without the owner's knowledge or consent, we must say that if a thief steals an automobile and carries whisky in it the owner loses title thereto. If a thief with a bottle of whisky in his pocket steals an automobile and drives away with it the owner loses title thereto. Is it claimed that there is a distinction between use by a thief and use by one who comes lawfully into possession of the automobile? That distinction does not appear in section 20. The literal construction of that section includes use by a thief as well as by any one else. But if we suppose that the question of the thief is out of the case; still the literal meaning of the section would destroy property in an automobile used to transport liquor unlawfully against the owner's will or without his knowledge. That is the case before us now! The chauffeur was forbidden to carry intoxicating liquor. If section 20 is to be construed literally, I forfeit title to my automobile if I overtake, on the road, a man with a bottle of whisky in his pocket, invite him to ride and he accepts the invitation. He is using my automobile to transport whisky unlawfully.—I have not consented to it and do not know it—but if the people are right in this case, that will not avail me. The logical consequence is, that if he pushes me out of the automobile and drives on with it he may be liable for assault but not

for larceny nor in replevin, trover or trespass *de bonis,* because the automobile, after I lose property in it, is as much his as mine. If a passenger on a street car or the railroad has whisky in his suit case or pocket, the car and engine no longer belong to the railroad company and the company can maintain no action based on title thereto. Is this result absurd? It surely is; but it is a conclusion inevitable from the argument that is put before us in this case. The lawful innocent owners are to be deprived of property in an automobile because some one, without their knowledge or consent, carried liquor in it, and this court is asked to say that they have no right in that automobile which the law is bound to respect. That would be exactly the condition in the cases above supposed. Under the literal terms of this section the machine is not a subject of property, and, since there is no provision that it be forfeited to the State, it can never again belong to anybody.

Considerations of this sort have led to the abolition of deodands, either by statute or otherwise, in England and most of the States of the Union; in none of them is the common law enforced.

Congress so amended the law against the importation of intoxicating liquor into Oklahoma as to expressly say that the vehicle should be forfeited "whether used by the owner thereof or other persons." Why was not section 20 made as certain as that? Would the people have passed this act if it had been so expressed as to plainly tell them that under it the owner of any vehicle of any kind in which liquor happened to be transported, even without his knowledge or consent, *ipso facto* forfeited all his title thereto?

The conclusion is that there must be some modification of the literal terms of section 20. See *Aggers v. People,* 20 Colo. 348, 38 Pac. 386.

Where then shall we stop, in reducing the literal scope of this section? It must be that the intention of section 20 was to destroy the proprietary interest of the violators of the law, including accessories before and after the fact—e. g., all who loan their property for a violation of the act or

permit or connive at such use of it, but not the interest of wholly innocent proprietors. *Camp v. Rogers,* 44 Conn. 291.

The case of Dobbins v. U. S., 96 U. S. 395, is not in point, because there the owner had leased the property *as a distillery,* and knew it was used as such. The purpose for which the land was leased being the licensed purpose to which the regulations of the government applied, obedience to those regulations was justly required of the lessor, and, when the lessee disobeyed those regulations to defraud, the lessor was responsible. The court says: "If he knowingly suffers and permits his land to be used as a site for a distillery the law places him on the same footing as if he were the distiller * * * and if fraud is shown in such case the land is forfeited just as if the distiller were the owner." Such is not the case here.

It is urged that section 12 is unconstitutional, because it does not provide for due process for the forfeiture and sale of property. It may be that notwithstanding no special proceeding is provided, a civil action under the code to determine title to the property and declare it forfeited would lie, but it is not necessary for us to determine this question in view of what we have already said. Neither do we decide whether the lawful property of an innocent person might be forfeited under sections 11 and 12.

What we do hold is, that sections 11 and 12 do not apply to this case, that there is no forfeiture under section 13 and that section 20 does not destroy the property of an innocent owner or mortgagee in things which are not in themselves obnoxious to the purpose of the statute.

Judgment should be reversed with directions to dismiss the proceedings.