## UNITED STATES v. MONTGOMERY et al.

(District Court, D. Arizona. March 16, 1923.)

No. C–448.

1. **Chattel morgages** &#9758;6—**Conditional sale contract does not create lien.**

 A contract of conditional sale of an automobile, reserving title in the seller until payment, is not one creating a lien in favor of the seller, and cannot be made such by recording it as a chattel mortgage.

2. **Intoxicating liquors** &#9758;251—**Owner of automobile used for transportation cannot avoid forfeiture on mere claim of want of knowledge of illegal use; "good cause."**

 Under National Prohibition Act, tit. 2, § 26, providing that, on conviction of a person for illegally transporting liquor, the vehicle used shall be sold, "unless good cause to the contrary is shown by the owner," and that the officer selling shall pay all bona fide liens created without the lienor having any notice of illegal, or intended illegal, use, a different measure of proof is required from an owner and a lienor, and an owner who, while retaining title, delivers an automobile on conditional sale, with power to use it in any·way the buyer may desire, cannot escape a forfeiture, if the buyer use it unlawfully in transporting liquor, by claiming that such use was without his knowledge.

 [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Cause.]

Criminal prosecution by the United States against Marshal Montgomery and another. On petition of intervention by Sam Mishkin. Petition denied.

Frederick H. Bernard, U. S. Atty., of Tucson, Ariz.

Clifford C. Faires and J. Good, both of Globe, Ariz., for intervener.

DOOLING, District Judge. The defendant Marshal Montgomery was arrested while unlawfully transporting intoxicating liquor in an automobile, which was seized at the time of his arrest. He was convicted in this court of such unlawful transportation and sentenced accordingly, and a sale of the automobile was ordered.

&#9758;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] One Sam Mishkin by intervention asserts a claim to the proceeds of the sale, setting forth that the Johnson Motor Company had sold the automobile to defendant for the sum of $1,797.15, of which only $1,230 had been paid; that the contract was one of conditional sale, the vendor reserving title in itself until the automobile was fully paid for in specified monthly installments; that the contract and all rights under it were duly assigned to Mishkin, the intervener; and that said intervener, neither at the time of the purchase of said contract nor at any time thereafter, had any knowledge or reason to believe that said automobile was to be used or was being used for any illegal purpose. He further avers that, while said contract was styled a conditional sale, the real purpose and intention of the parties was that the same was intended to secure the payment of the balance of the purchase price and to give intervener a valid lien on the automobile, and for that purpose the contract was filed and recorded with the recorder of Gila county, as required by law in the case of a chattel mortgage.

The contract is attached to the petition in intervention and made a part thereof. It has none of the essential requisites of a chattel mortgage and cannot become such by mere recordation. It does not create a lien in favor of the vendor with title passing to the purchaser, but reserves title absolutely in the vendor. The provision is as follows:

"Title to the car shall not pass by delivery to buyer but shall remain vested in and be the property of the seller or assigns until the purchase price has been fully paid."

So that we are not now dealing with a lienor asserting rights accorded him by title 2, section 26, of the National Prohibition Law (41 Stat. 315), but with an owner who has voluntarily parted with the possession and control of the car and has received $1,230 for so doing.

[2] Section 26 of the National Prohibition Law provides:

"Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile * * *, and shall arrest any person in charge thereof. * * * The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale * * * shall pay all liens, according to their priorities, which are established * * * as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor."

It is to be observed that the court shall order a sale of the car "unless good cause to the contrary" is "shown by the owner." What constitutes such "good cause" on the part of the owner is nowhere specified, but as to a lienor it is declared sufficient to show that the lien was bona fide and created without the lienor having any notice that the vehicle was being used or was to be used in the illegal transportation of liquor. The difference between the provisions applicable to owners and those applicable to lienors is significant. It is not unreasonable to suppose that Congress had in mind the fact that an owner may determine who shall have the use of a vehicle, and thus in a measure

control such use, while a lienor may not, because he is at no time entitled to its possession. It seems, therefore, to me that the "good cause" required to be shown by the owner means something more than the lack of notice of illegal use required on the part of the lienor. I am therefore of the opinion that an owner, who while retaining title in himself delivers a car on conditional sale with power to use it in any way that the buyer may desire, cannot escape a forfeiture if the buyer use it unlawfully, by claiming that such unlawful use was without his knowledge. His remedy is not against the government by reclaiming the car, but against the buyer by collecting the remainder of the purchase price. An owner may show "good cause" if he show that the car was taken and used without his knowledge or consent; but where he turns it over to another for a price, giving absolute control to such other, he is not in a position to show "good cause" against a forfeiture, if the car be seized while unlawfully used in the transportation of liquor, by asserting that such use was without his knowledge. Any other construction of the statute would ignore a distinction which the law itself seems to make.

The petition of the intervener is therefore denied.