STATE, Respondent, v. ONE STUDEBAKER AUTOMOBILE, ENGINE NO. 27824, et al., Appellants.

(210 N. W. 194.)

(File No. 6193.   Opinion filed October 11, 1926.)

1.   Criminal Law—Intoxicating Liquor.

   Municipal court has jurisdiction of offense of transporting intoxicating liquor, and, in case of "first offense," full power to enforce all provisions of Rev. Code 1919, § 10303, as amended by Laws 1925, c. 204, and sections 4459 and 4464.

2.   Criminal Law—Jurisdiction—Courts—Where Court Has Jurisdiction of Crime Committed, Value of Property Forfeited Does Not Affect Jurisdiction.

   Where a municipal court had jurisdiction of offense of transporting intoxicating liquor, fact that automobile forfeited on conviction was worth more than $500 was immaterial, since forfeiture of property follows as an incident to conviction, as proper exercise of police power.

3.   Intoxicating Liquors.

   Where statute plainly indicates that automobile should be forfeited for transporting intoxicating liquor, statute should not be given strained construction to protect interest of mortgagee.

4.   Intoxicating Liquors—Mortgages—Where Automobile Is Forfeited for Transporting Intoxicating Liquor, Interest of Mortgagee Is

Not Protected (Rev. Code 1919, § 10303, as amended by Laws 1925, c. 204).

Where automobile owner was convicted of transporting liquor in his automobile, and automobile was forfeited, interest of mortgagee is also forfeited, in view of Rev. Code 1919, § 10303, as amended by Laws 1925, c. 204, since owner is only one who can show cause why it should not be forfeited.

5. Intoxicating Liquors—Mortgagee of Automobile Takes Risk That It Will Be Used to Carry Intoxicating Liquors, and Is Not Innocent Holder (Rev. Code 1919, § 10303, as amended by Laws 1925, c. 204).

Mortgagee of automobile in possession and control of another takes risk of having it used to carry intoxicating liquor, and cannot be an innocent holder, in view of Rev. Code 1919, § 10303, as amended by Laws 1925, c. 204.

6. Intoxicating Liquors—Provision in Mortgage That Automobile Should Not Be Used to Carry Intoxicating Liquor Does not Prevent Forfeiture.

Provisions in chattel mortgage that automobile mortgaged should not be used to carry intoxicating liquor does not prevent forfeiture of automobile, but merely creates obligation between mortgagor and mortgagee.

7. Intoxicating Liquors.

Illegal use of automobile determines right of forfeiture, not guilt or innocence of owner.

---

Note.—See, Headnote (1) and (2), American Key-Numbered Digest, Criminal Law, Key-No. 88, Sec. 177; (3) Intoxicating liquors, Key-No. 246, 33 C. J. Sec. 363 (Anno); (4), (5) and (6), Intoxicating liquors, Key-No. 246, 33 C. J. Sec. 363; (7) Intoxicating liquors, Key-No. 247, 33 C. J. Sec. 363 (Anno).

Forfeiture by innocent vendor of article sold conditionally and used by vendee in violation of law, see note in 2 A. L. R. 1596.

Forfeiture of rights or interests of innocent persons in property used in violation of law, see note in L. R. A. 1916E, 343; 12 R. C. L. 125; 2 R. C. L. Supp. 1397; 5 R. C. L. 634.

Appeal from Municipal Court of Watertown.

Proceeding by the State to forfeit one Studebaker automobile, Engine No. 27824, wherein the Universal Finance Corporation claims a prior right to the proceeds of sale. From an order denying the claim, claimant appeals. Affirmed.

*Perry F. Loucks, Arthur H. Hasche,* and *Andy E. Foley,* all of Watertown, for Appellant.

*Buell F. Jones,* Attorney General, and *H. A. Linstrom,* Assistant Attorney General, for Respondent.

POLLEY, J.   One Harve Townsend pleaded guilty in the municipal court of Watertown to the charge of transporting intoxicating liquor in an automobile.   Section 10303, R. C. 1919, as amended by chapter 204, Laws 1925, provides that in such cases the automobile or other vehicle used for such transportation shall be forfeited, and, "unless good cause is shown to the contrary by the owner," the same shall be sold by the sheriff of the county, and, "after deducting all expenses of keeping the vehicle or conveyance so sold, and the fees for the seizure and arrest, and the cost of said sale, shall pay any funds remaining to the county treasurer," etc.   Appellant had a valid chattel mortgage on which balance of more than $700 was due on said automobile, and claims that it has a prior right to the proceeds of the sale of said automobile to the extent of the amount due on its mortgage.   Such mortgage was given after the taking effect of said chapter 204.   It is admitted by all parties concerned that the value of the automobile exceeds $500.   The court disregarded the claim of appellant, and ordered the sale of the automobile as provided by statute, and it is from this order that this appeal is taken.

[1]  Appellant questions the method of proceeding by the court, and also the jurisdiction of the court because of the value of the property involved.   But we believe the court followed the correct practice, and the value of the property is immaterial.

Section 4459, Rev. Code 1919, provides that—

"The municipal court shall have original jurisdiction in all cases of misdemeanor, committed or triable within the county in which the city is situated."

And section 4464 reads as follows:

"In criminal matters in which the court has jurisdiction, the judge and the clerk of the municipal court shall possess the same powers, and perform the same duties as the judge and clerk of the circuit court in like cases."

The offense of transporting intoxicating liquor from one place to another is a misdemeanor; therefore the municipal court has jurisdiction of the offense and, in case of a "first offense," full power to enforce all the provisions of chapter 204.

[2] As above said the value of the automobile is wholly immaterial, for the reason, as stated in State v. Hanson, 114 Minn. 136, 130 N. W. 79 "that the forfeiture and disposition of such property follows, as an incident to the conviction, as a proper exercise of the police power of the state."

[3, 4] It is contended by appellant that the law does not authorize the forfeiture of its interest in the automobile; that to do so would not only go beyond the meaning of the statute itself, but would be a violation of its constitutional rights. While the exact question is novel to this jurisdiction, it has been considered by the courts of other states and in the federal courts on numerous occasions, and over a long period of time. The same conclusion has not been reached by all the courts, but the difference is, as a rule, more because of the different wording of the various statutes. Much stress is placed on the disfavor with which forfeiture statutes are regarded by the courts, but, where the meaning of the statute is clear, it should not be given a strained construction in order to protect property rights. The statute on this subject in some of the states provide for the forfeiture of the "interest" or the "right, title and interest" of the owner, or similar expressions that clearly indicate that the rights of lienors and incumbrances are to be protected. But there is nothing of the kind in our statute. Our statute provides that, unless good cause to the contrary is shown by the "owner," the sheriff shall sell the vehicle and turn the proceeds over to the county treasurer. From the fact that the Legislature singled out the owner, and gave him the right to show cause why the vehicle should not be forfeited, it is apparent that he was the only one that was to have such right. In Aldinger v. State, 115 Miss. 314, 75 So. 441, the car in question was used as a taxi. A passenger on the car carried a package of intoxicating liquor, but it was shown that neither the owner of the car nor his chauffeur, who was driving the car, knew that the package contained such liquor. The judgment of the lower court declaring the car forfeited and ordering it sold was reversed, and the car returned to its owner. And, where a car is taken without the knowledge or consent of the owner, and used for the purpose of transporting intoxicating liquor, such owner may recover the car. State v. Davis, 55 Utah, 54, 184, P. 161.

[5]    Appellant invokes the rule that—

"Forfeitures are not favored in law, and a statute will not be construed to have that effect unless from the statute itself, in the light of its object and the existing conditions, it is manifest that the Legislature so intended, and the rule especially applies with reference to forfeitures of property of innocent persons."

This is the correct rule of course, but, where it is plain from the wording of the statute that a forfeiture is intended, the rule does not apply, and the rights of "innocent" persons are not involved. Indeed, there can be no such thing as an innocent holder of a chattel mortgage of an automobile since the enactment of chapter 204, Laws 1925. That law plainly declares that an automobile used for the purpose of transporting intoxicating liquor is a public nuisance, and shall be forfeited. There is no other instrumentality that more readily lends itself to this class of law violation than an automobile, and, when a person takes a chattel mortgage on an automobile that is in the possession of, and under the control of, another person, he takes the risk of having such persons put the car to such unlawful use.

[6]    Our attention is called to the fact that the chattel mortgage involved in this case expressly provides that the car in question should not be used for the transportation of intoxicating liquor, but this provision merely creates an obligation as between the mortgagor and the mortgagee, and does not render the car immune from forfeiture, if such obligation is disregarded.

The rights of mortgagees have frequently been involved in the federal courts in the administration of the revenue laws where automobiles have been forfeited because they had been used to defeat the collection of revenue. In United States v. One Saxon Automobile, 257 F. 251, 168 C. C. A. 335, it is said:

"No doubt has ever existed in the power of Congress to impose the penalty of forfeiture on property used to defeat the revenue laws, without respect to the guilt of the owner or his knowledge of the unlawful use. * * * The enforcement of the revenue statute concerning the transportation of liquor is difficult, because of the facility with which automobiles may be used for that purpose without detection. If one thus engaged in the illicit transportation could protect his automobile from forfeiture on

proof that the legal title was in some one else, or that some one else had a mortgage on it, the difficulty of enforcing the law would be greatly increased, and the penalty of forfeiture almost always evaded."

[7] For further discussion of the subject reference is made to Goldsmith et al. v. United States, 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376; 25 C. J. 1171. It is the illegal use that is made of the machine that determines the right of forfeiture without regard to the guilt or innocence of the owner.

The order appealed from is affirmed.

DILLON, J., not present.