STATE, Respondent, v. ONE PONTIAC COACH AUTOMOBILE, Defendant (General Motors Acceptance Corporation, Intervenor and Appellant).

(224 N. W. 176.)

(File No. 6626. Opinion filed March 2, 1929.)

10

Kirby, Kirby & Kirby, of Sioux Falls, for Appellant.

Hans Hanson, State's Attorney, of Clark, Buell F. Jones, Attorney General, and H. A. Linstrom, Assistant Attorney General, for the State.

CAMPBELL, J. On July 22, 1927, the automobile here involved was sold by Williams-Bergh Company of Sioux Falls, to

one Warnes upon a conditional sales contract, dated on that day and duly executed, which contract was filed in the office of the register of deeds of Hutchinson county, S. D., where Warnes resided, on August 6, 1927. Thereafter, for value, the Williams-Bergh Company assigned to the intervener herein, by written assignment, all its right, title, and interest in and to said conditional sales contract, and the property thereby covered, which assignment was likewise filed in the office of the register of deeds of Hutchinson county, S. D., on August 6, 1927.

Warnes failed to make the payments required by the contract coming due August 22, 1927, and September 22, 1927, and on or about September 22, 1927, used the automobile to transport intoxicating liquors in Clark county, S. D. Warnes was arrested and entered his plea of guilty, and the automobile in question was seized and proceedings instituted to forfeit the same by virtue of chapter 204, Laws 1925, and the assignee of the conditional sale contract has intervened. It was stipulated that the illegal use of the automobile was without the knowledge, consent, or approval of intervener or its assignor, and neither intervener nor its assignor had any knowledge or notice or reason to suspect that Warnes would use or was likely to use the automobile for such purposes.

The conditional sale contract provided for the payment of $308 cash at the time of execution, leaving a deferred balance of $660, payable in twelve installments of $55 each, due, respectively, August 22, 1927, and the 22d of each month thereafter until completed. It provided that title should not pass until full payment was made in cash. It further provided that no loss, injury, or destruction of the property would release the purchaser from his obligation; that the purchaser should not use the property illegally; and that, if the seller deemed the property in danger of misuse or confiscation, it might elect to declare the entire amount of all deferred payments immediately due and payable, and proceed accordingly.

The trial court adjudged that Warnes was the owner of the automobile; that no good cause had been shown why the same should not be forfeited and sold as provided by law, and ordered the sale; and the intervener has appealed.

Appellant in this case stands in the same position as the original vendor. The rights of the innocent vendor of an automo-

bile under a conditional sales contract when the possession of the automobile has been intrusted to the vendee, who has transported liquor therein, and it is sought to forfeit the car, under statutes similar to our own, are not entirely clear or free from doubt upon the decisions. The case will be found collected, analyzed, and discussed in a careful case note in 47 A. L. R. pp. 1055-1084. See, also, Blakemore on Prohibition (2d Ed.), p. 531 et seq. See, also, 34 Harv. Law Rev., page 200.

Section 26, tit. 2, National Prohibition Act (41 Stat. at Large, p. 315 [27 USCA § 40]), provides for the forfeiture and sale of the offending automobile in such case "unless good cause to the contrary is shown by the owner," and also provides that out of the proceeds of sale the officer making the sale " * * * shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor. * * * "

It seems within the purview of the National Prohibition Act to protect both innocent owners and innocent lienors. See U. S. v. One Ford Coupe Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025. It is the apparent intention of this statute that an innocent owner, upon showing good cause, may entirely prevent the forfeiture and sale; an innocent lienor, on the other hand, cannot prevent the sale, but will be entitled to payment of his lien out of the proceeds according to its priority.

Our own statute (section 10303, R. C. 1919, as amended by chapter 204, Laws 1925) is distinguishable from the National Prohibition Act. It provides for the protection of innocent owners in substantially the same language as does the National Prohibition Act; that is, by reciting that the forfeiture and sale shall take place "unless good cause is shown to the contrary by the owner." But our statute entirely omits the provision contained in the National Prohibition Act (27 USCA) for the protection of innocent lienors by payment of their liens according to priority out of the proceeds of sale. A provision for the protection of innocent lienors is found, not only in the National Prohibition Act, but in many of the analogous state statutes, and we think the

omission thereof from our own statute is significant, and that our statute is not designed or intended to protect lienors, however, innocent, either by allowing them to prevent the sale or by allowing payment of their liens out of the proceeds thereof. State v. One Studebaker Automobile, 50 S. D. 408, 210 N. W. 194. A statute providing for the forfeiture of property used in violation of law by the possessor is not rendered unconstitutional because of failure to provide for protection of the interests of innocent owners or lienors. Van Oster v. Kansas, 272 U. S. 465, 47 S. Ct. 133, 71 L. Ed. 354, 47 A. L. R. 1044. And appellant expressly so concedes in its brief in this case.

█ We are of the opinion, as was substantially held in State v. One Studebaker Automobile, supra, that the only persons whose interests are protected against forfeiture in these cases under our statute are *owners* who show good cause to the contrary.

The precise question then is whether a conditional vendor (or his assignee) is an "owner" within the meaning of that word as used in chapter 204, Laws 1925.

By the terms of the National Prohibition Act, the interest of the conditional vendor is unquestionably protected, but the decisions are not uniform as to whether such interest is protected as the interest of an owner or as the interest of a lienor. By some of the decisions a conditional vendor is regarded as an owner under the National Prohibition Act and therefore entitled to prevent the sale upon showing good cause. See, for example, U. S. v. Kidd (D. C.), 19 F. (2d) 535. Other, and we think better reasoned, federal decisions treat the conditional vendor as a lienor, and hence entitled upon proper showing, not to prevent the sale, but to receive payment out of the proceeds. See U. S. v. One Cadillac Automobile, 18 F. (2d) 1005, 57 App. D. C. 183.

█ We think the word "owner" in chapter 204, Laws 1925, must be held to have been used by the Legislature in its popular and generally accepted sense. See Sutherland on Statutory Construction, pp. 247-248; Maxwell on Interpretation of Statutes, p. 88. And we do not think a conditional vendor is an owner in any sense in which the word is generally used.

Sections 252, 265, and 266, Rev. Code 1919, relating to ownership, provide, respectively, as follows:

"§ 252. *Definition of Ownership.* The ownership of a thing

is the right of one or more persons to possess and use it to the exclusion of others. In this code the thing of which there may be ownership is called property."

"§ 265. *Absolute Ownership*. The ownership of property is absolute when a single person has the absolute dominion over it, and may use it or dispose of it according to his pleasure subject only to general laws."

"§ 266. *Qualified Ownership*. The ownership of property is qualified:

"1. When it is shared with one or more persons;

"2. When the time of enjoyment is deferred or limited; or,

"3. When the use is restricted."

Under the express definition of our Motor Vehicle Law (section 1, c. 225, Laws 1925) a conditional vendee is an owner. See, also, Hurnanen v. Nicksa, 228 Mass. 346, 117 N. E. 325.

■ ■ The conditional vendee is the equitable owner, and certainly under our statute has at least a qualified ownership. The automobile is in the possession of the vendee and under his control and dominion subject only to a few restrictions. True, the legal title remains in the conditional vendor, but it is a naked title for security only. We do not think that a conditional vendor is an owner in any popular or generally accepted sense of the word any more than is a mortgagee. Clearly a chattel mortgage and a conditional sale contract are not identical things, but the underlying objective and purpose is the same and the fundamental interest, whether it be as a technical matter of law, legal title, or lien, is in each case solely for the purpose of securing the payment of money. We have held, and we think rightly, in the Studebaker Automobile Case, supra, that our statute is not designed or intended to protect the security interest of a chattel mortgagee. We see nothing in the statute indicating any intent to distinguish between the security interest of a chattel mortgagee and the security interest of a conditional vendor. We do not believe the mere fact that, as a technical matter, the conditional vendor holds the naked legal title, renders him an "owner" within the meaning of the word as used in chapter 204, Laws 1925. Neither do we believe that the existence in the hands of an innocent person of a conditional sale contract covering an automobile, upon which contract there is default and money owing, constitutes "good cause" why such automobile

should not be forfeited and sold on account of having been used by the person in possession for illegal transportation of liquor, if the other circumstances of the case justify so doing.

The judgment appealed from is affirmed.

MISER, C., sitting in lieu of BROWN, J., absent.

SHERWOOD, P. J., and POLLEY, BURCH, and MISER, JJ., concur.