## No. 12,199.

Lindsley *v.* Werner, Constable.

Decided December 23, 1929.

Mr. John I. Palmer, Messrs. Palmer & Tarbell, for plaintiff in error.

Mr. Charles H. Woodard, for defendant in error.

Mr. Robert E. Winbourn, Attorney General, Mr. Charles Roach, Deputy, Mr. Fred A. Harrison, Assistant, amici curiae.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

The plaintiff Lindsley, an automobile dealer in Alamosa, Colorado, sold a Chrysler touring car to J. Paul Walling. The purchaser did not pay the entire purchase price and for the balance thereof, amounting to $874, he gave to plaintiff his promissory note in that sum, and to

secure its payment executed and delivered to the plaintiff a chattel mortgage upon the car. The mortgage contained a covenant against the use of the car by the mortgagor in the violation of the federal or state intoxicating liquor laws. Thereafter, acting upon an appropriate affidavit, the sheriff of the county, proceeding under section 3711, C. L. 1921, secured a search warrant from a justice of the peace of the county for the search and seizure of this automobile. The result thereof disclosed that about 30 gallons of intoxicating liquor were found in the car. The driver of the car, Barton, pleaded guilty to the charge of illegal possession, and use of the car in violation of our intoxicating liquor statute, whereupon the justice of the peace, under provision of section 3712, C. L. 1921, ordered the car turned over to the constable for sale. Walling, the mortgagor, has not appeared or made any claim to the car, but the mortgagee, Lindsley, as plaintiff in this action, sues the constable for its possession. The district attorney, representing the constable, in his answer justifies the seizure and forfeiture of the car upon the ground that our intoxicating liquor statute, in the circumstances of this case, works an absolute forfeiture of the car to the state because the same was being used in unlawfully transporting liquor in violation of its provisions. The contention of the plaintiff mortgagee is that, as he had no knowledge whatever of the unlawful use that was being made of the car by his mortgagor, the statute, if interpreted as including an innocent mortgagee or lienor, is unconstitutional and void · as against the due process clause of the Constitution of the United States.

In *Hoover v. People,* 68 Colo. 249, 187 Pac. 531, we had occasion to pass upon the meaning and effect of some features of sections 3711, 3712, 3713 and 3720, C. L. 1921, of our intoxicating liquor act, but the question for decision here was there expressly excluded from consideration or determination. We there held that, inasmuch as no search warrant had been issued in that case, or was

in the hands of the sheriff at the time of the seizure, the proceeding could not have been under section 11 or 12 (which are, respectively, sections 3711 and 3712), as claimed by the state, because section 12 applies only to something that has been seized under a search warrant issued under section 11. And we further held that neither section 3713 (section 13) nor section 20 (3720) of the act contains a provision for forfeiture. The writer of the opinion in that case specifically said that whether the lawful property of an innocent person might be forfeited under sections 3711 and 3712 was not decided, and therefore limited the ruling there by the statement that these sections did not apply to the case then in hand, and that there was no provision for forfeiture either under section 3713 (13) or section 3720 (20). In considering this case we are not governed or restricted by the decision in the Hoover, or any other, case that has been before us.

The specific question for decision, therefore, is whether the interest of an innocent mortgagee of an automobile, who voluntarily delivered possession of the same to a third person who used it in unlawfully transporting liquor, is subject to absolute forfeiture under sections 3711 and 3712 and 3720 of our intoxicating liquor act? Section 3711, which is the search and seizure provision of the act, authorizes any justice of the peace, or the judge of any county or district court, if any person makes an affidavit before him that he has reason to, and does, believe that intoxicating liquors are being carried in violation of the act, to issue to a designated public officer a command to search the automobile described in the affidavit. If, as the result of such search by the officer, any intoxicating liquor is found in such automobile, section 3712 requires the officer to seize the same and safely keep it and make immediate return of his warrant, and such property shall not be taken from his custody by writ of replevin or other process while the proceedings are pending. Final judgment of conviction in such proceedings shall be a bar to any and all suits for the recovery of such

property so seized, or for the value of the same, or for damages alleged to arise by reason of such seizure and detention. The judgment of the judicial officer shall find such liquor to be unlawful and shall direct its destruction forthwith, and the wagon, automobile, or other vehicle so seized shall likewise be ordered to be disposed of, as personal property is sold under execution, and the proceeds thereof applied, first in the payment of the cost of prosecution and of any fine imposed, the balance, if any, paid into the general school fund of the county in which such conviction is had. Section 3720 reads: "There shall be no property rights of any kind whatsoever in any liquors, vessels, appliances, fixtures, bars, furniture, implements, wagons, automobiles, vehicles, contrivances, or any other things or devices used in or kept for the purpose of violating any of the provisions of this act."

The language of these provisions of our statute is clear and unambiguous. If an automobile is used or kept, as was the automobile in this case, for the purpose of violating the provisions of our intoxicating liquor act, section 3712 declares that it is forfeited to the state. Section 3720 expressly says that there shall be no property rights of any kind whatsoever in an automobile so used or kept.

There are many cases in the federal and state courts construing statutes similar to ours relating to the forfeiture of conveyances, such as an automobile, used in transporting intoxicating liquors in violation of their provisions. Were it not for recent decisions of the Supreme Court of the United States, at least one of which, controlling with us, is on the precise question here presented, it might be interesting and, perhaps, not altogether without profit, to collect and comment upon them. Those interested in the adoption and enforcement of such legislation may find in 47 A. L. R., page 1025, an elaborate annotation to the case of *United States v. One Ford Coupe Automobile*, 272 U. S. 321, 47 Sup. Ct. 154, in which the author reviews and comments on many of these

cases, a long list of which is there collected. And at page 1044 of the same volume is reproduced the opinion in *Van Oster v. Kansas,* 272 U. S. 465, 47 Sup. Ct. 133, where another list of adjudications will be found.

The defendant Lindsley, innocent mortgagee, does not assert in his brief that the language of our statute does not plainly, and without qualification, declare that an automobile used in illegal transportation of intoxicating liquors may be absolutely forfeited. His contention is that it was not the intention of our general assembly to subject it to forfeiture as against an innocent lienor or mortgagee. Before the decision of the Supreme Court of the United States in the One Ford Coupe case, supra, the annotator correctly says that there was much contrariety of opinion as to whether section 3450 of the Federal Revised Statutes was repealed expressly or by implication by §26, title 2, of the National Prohibition Act, in so far as the illegal transportation of intoxicating liquor is concerned, and the annotator adds (p. 1055) : ''The question has recently been authoritatively settled by the decision in the case mentioned above [Ford Coupe case], in which it was held that an automobile used for the purpose of depositing or concealing tax-unpaid illicit liquors, with intent to defraud the United States of taxes imposed thereon, was subject to forfeiture under §3450, without regard to the rights of an innocent conditional vendor, who was ignorant of the use to which the car was to be put.'' And the author says: ''There was not such a direct conflict between the National Prohibition Act, and particularly §26 thereof, and §3450 of the Revised Statutes [of the United States], as to render the latter section inoperative and non-available to the government, where the vehicle was being used for the purpose of depositing and concealing illicitly distilled liquors.'' In other words, so far as concerns the question of illegal transportation of intoxicating liquor, both of these sections are available, and the two remedies, being not inconsistent but cumulative, the United States might resort

to either at its pleasure. The question in this Ford Coupe case was not the precise question involved here, but it is obvious that the principle therein, and reasoning thereof, have been extended to, and approved in, *Van Oster v. Kansas, supra,* and in *Goldsmith-Grant Co. v. United States, infra.*

The court in the Van Oster case held, in an opinion by Mr. Justice Stone, approving the decision of the Kansas Supreme Court, that a statute, in all substantial respects the same as ours, which purports to forfeit absolutely an automobile used illegally in transporting liquors, may work the forfeiture as against the rights of an innocent owner or lienor. The opinion there states: ''It has long been settled that statutory forfeitures of property entrusted by the innocent owner or lienor to another who uses it in violation of the revenue laws of the United States is not a violation of the due process clause of the Fifth Amendment. *Goldsmith-Grant Co. v. United States,* 254 U. S. 505.'' A number of other cases are cited to the same proposition. Mr. Justice Stone further said: ''We do not perceive any valid distinction between the application of the Fourteenth Amendment to the exercise of the police power of a state in this particular field and the application of the Fifth Amendment to the similar exercise of the taxing power by the federal government, or any reason for holding that the one is not as plenary as the other. * * * The mere fact that the statute now in question has a broader scope than §26 of the National Prohibition Act, authorizing confiscation of vehicles used in unlawful transportation of liquor, does not affect its validity.''

This is the latest pronouncement of the Supreme Court of the United States upon this question that has been called to our attention, and inasmuch as it is squarely in point here, and controlling with us, it is our duty to follow and apply its doctrine to the undisputed facts of the case in hand. Before and since the decision in the Van Oster case was handed down, a number of the state and

federal courts have applied its doctrine to statutes in all substantial respects like ours. Among them are the following: *U. S. v. One Saxon Automobile*, 168 C. C. A. 335, 257 Fed. 251; *Lewis v. McCarthy*, 274 Fed. 496; *State v. Morris*, 124 Kan. 143, 257 Pac. 731; *U. S. v. Montgomery*, 289 Fed. 125; *State v. One Pontiac Coach Automobile*, (S. D.) 224 N. W. 176; *Robinson Cadillac Motor Car Co. v. Ratekin*, 104 Neb. 369, 177 N. W. 337; *State v. One Studebaker Automobile*, 50 S. D. 408, 210 N. W. 194.

In *Gaskins v. People*, 84 Colo. 582, 272 Pac. 662, the doctrine of the present case was foreshadowed by our statement that an innocent owner of a building, which by its use had become a public or common nuisance, is not entitled to notice of proceedings for its abatement, as the action in legal contemplation is against the thing itself, rather than against the individual who owns the thing.

In *National Bond & Inv. Co. v. Gibson*, 6 Fed. (2d) 288, United States District Judge Pollock held that the Kansas statute which was enforced by the Supreme Court of that state in the Van Oster case was invalid as taking property without just compensation. This is one of similar cases so holding. Such cases are no longer the law, since the Supreme Court of the United States in the Van Oster case held directly to the contrary and adjudged the Kansas statute to be a valid exercise of legislative power by the Kansas Legislature.

It should be observed that said section 3720 is limited by the foregoing language: "who voluntarily delivered possession of the same," and "entrusted by the innocent owner or lienor to another."

Our conclusion is that where, as this record discloses, an owner of an automobile voluntarily parts with its possession to one who uses it unlawfully in transporting intoxicating liquors, the same may be absolutely forfeited to the state, even though the owner, or a lienor or mortgagee of the vehicle is unaware of such use.

Judgment affirmed.

552

Mr. Justice Butler specially concurring.

Another contention made by Lindsley deserves consideration. In substance, his claim is that his property has been taken without due process of law in this, that he had no notice of the pendency of the proceeding that resulted in the judgment that the automobile be sold under execution; that he had no opportunity to appear and protect his interest; and that as the statute does not provide for the service upon a mortgagee of a summons or other notice of the proceedings, and expressly provides that the judgment of conviction "shall be a bar to any and all suits for the recovery of any such property so seized, or the value of the same, or for damages alleged to arise by reason of such seizure and detention," the statute deprives him of his day in court, thus violating the due process clause of the Constitution. This states the plaintiff's contention somewhat more fully than it is stated by the plaintiff himself.

Though the automobile was ordered sold, the sale was prevented by the sheriff's seizure under the writ of replevin issued in this case. If the trial court had dismissed the case without a hearing on the merits, holding that under the statute replevin would not lie, a question—perhaps a serious question—would be presented by the record. But there was a full hearing of the case upon the merits. Evidence was introduced by both the plaintiff and the defendant, and the court found the issues for the defendant. In other words, in this action the plaintiff had full opportunity—and availed himself of it—to present his case as effectually as he could have done had he appeared in the former proceeding. The court, after hearing all the evidence, held that the fact that the plaintiff was not a party to the violation of the law was no protection against the sale of the automobile pursuant to the express command of the statute. We have decided that that holding was correct.

As the plaintiff has been deprived of no right by reason

of the provision of the statute forbidding replevin, he is in no position to question the constitutionality of that provision. *Post Printing & Publishing Co. v. City and County of Denver,* 68 Colo. 50, 189 Pac. 39.

I am authorized to say that these views meet with the approval of all the justices.

I concur in the decision affirming the judgment, and in the opinion written by Mr. Justice Campbell.