No. 13,098.

PEOPLE FOR USE OF PROTECTIVE FINANCE CORPORATION *v.* KINNISON ET AL.

(30 P. [2d] 249)

Decided February 19, 1934.

Mr. LOUIS A. HELLERSTEIN, for plaintiff in error.

Mr. HENRY S. SHERMAN, Mr. WALDO RIFFENBURG, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE parties appear here in the same order as at the trial, and the parties around whom this controversy centers will be referred to as the mortgagee and the constable.

The mortgagee filed suit against the constable and his surety, the bonding company, praying for damages. The facts were stipulated and trial had to the court. To review an adverse judgment, the mortgagee brings error.

"It is hereby stipulated by and between the above named parties through their respective counsel that the undisputed and agreed facts of the above entitled cause are as follows:

"That the Protective Finance Corporation and Hartford Accident & Indemnity Co., of Hartford, Connecticut, are corporations of the State of Colorado, and Harry J. Kinnison during the times mentioned has been and is a Constable of the County of Larimer, State of Colorado, duly elected as such, and the Indemnity Co. is his surety; that the bond of the Constable has been in force at all times during the time mentioned herein; that plaintiff is the holder of a chattel mortgage executed

June 5, 1930, by one Guy F. Kennedy, to its order, in the sum of $388.60, secured by the following automobile:

"One (1) 1930 Plymouth Coupe, Motor #93259, Serial #Y245DR.

"That the said chattel mortgage to the order of this plaintiff was filed on June 7, 1930, with the clerk and recorder of Larimer County, under filing #368369.

"That at the time the transaction for the mortgage was made between plaintiff and Guy F. Kennedy, it had no knowledge that the car would be used for any unlawful purpose.

"That on or about August 16, 1930, one John Maier, Deputy Sheriff of Larimer County, appeared before J. J. Duncan, and made affidavit that the automobile was being used unlawfully and thereupon the Justice of the Peace, J. J. Duncan, issued a search warrant under which the automobile in question mortgaged to this plaintiff was seized by John Maier, Deputy Sheriff, on the same date, August 16, 1930.

"That thereafter on August 28, 1930, a complaint was filed against Josephine Miller and Frank Kennedy in whose possession the automobile and liquor was found, charging them with possession and transportation of intoxicating liquor in the County of Larimer. The complaint against these parties was filed before J. C. Sarchet, Justice of the Peace of Larimer County. Justice Sarchet upon finding these parties guilty as charged, ordered Harry J. Kinnison, Constable of his Court, under execution, dated August 28, 1930, to sell the car; that thereupon the car was sold by the Constable on September 6, 1930, for $310.60, as the net sale price, and turned the said moneys over to the County Treasurer.

"That plaintiff had no knowledge of the fact that its car was being used unlawfully, and even that it had been seized or sold until some subsequent time after the same had taken place; that upon discovery of what had occurred, plaintiff demanded of defendants the value of

the car, the sum of $500.00, which demand was refused by the defendants. Plaintiffs thereupon brought this action.''

All exhibits are annexed to the stipulation as a part of the agreed facts. Exhibit C, the search warrant, containing a copy of the affidavit upon which it was issued, is as follows:

"Exhibit C

"State of Colorado, ⎫ ss.
"County of Larimer ⎭

In the Justice Court:
Before J. J. Duncan,
Justice of the Peace..

"The People of the State of Colorado,
                To....................Greeting:
"Whereas there has been filed with the undersigned an Affidavit of which the following is a copy:

"State of Colorado, ⎫ ss.
"County of Larimer ⎭

In the Justice Court.
Before J. J. Duncan, Justice of the Peace.

"John Maier, being of lawful age and being first duly sworn upon oath, states that he has reason to and does believe that intoxicating liquors are being sold, bartered, exchanged, divided or unlawfully given away or kept for such purposes, or carried in violation of an Act of the General Assembly of the State of Colorado, entitled 'An Act Relating to Intoxicating Liquors, approved April 23, 1917,' within the jurisdiction of the said Justice Court, before said Justice of the Peace, and that search be made in Automobile Lic. #7-16-73 Colo. Plymouth Coupe where affiant has reason to and does believe the said Act is being violated.

                "Signed by John Maier, Dep. Sheriff..

"Subscribed and sworn to before me this 16 day of Aug., A. D. 1930.

"J. J. Duncan, Justice of the Peace.

"Therefore you are Hereby Commanded In the name of The People of the State of Colorado forthwith, together with the necessary and proper assistance to enter into Autumobile License 7-16-73 Plymouth Coupe of the said ................, situate in the County of Larimer aforesaid, and there diligently search for the said intoxicating liquors and that you bring the same or any part thereof found in such search, together with such vessels in which such liquors are found and the implements and furniture used in connection therewith, and the automobile, wagon, vehicle, contrivance, thing or device in which carried, forthwith before me, to be disposed of and dealt with according to law.

"Given under my hand and seal this 16 day of Aug., A. D. 1930.

"J. J. Duncan (Seal)
Justice of the Peace."

For reversal, the mortgagee contends that the affidavit upon which the search warrant was issued is not in compliance with the statute; that the warrant, containing no designation of an officer to carry out its mandate, was insufficient; that the proceedings to forfeit the automobile were void, and argues that the statutes relative to searches and seizures, must be strictly complied with before warrant can issue; that if all the formalities of the law are not complied with, then the proceedings are void. Proper discussion of this case necessitates a quotation of the statutes involved.

Section 3711, Compiled Laws of 1921:

"If any person makes an affidavit before any justice of the peace, or the judge of any county or district court, stating that he has reason to and does believe that intoxicating liquors are being sold, bartered, exchanged, divided, or unlawfully given away, or kept for such pur-

poses, or carried in violation of this act, within the jurisdiction of such justice or court, and describing in such affidavit the premises, wagon, automobile, vehicle, contrivance, thing or device to be searched, then such justice or the judge of such court, shall issue a warrant to any officer which the complainant may designate having power to serve original process, commanding such officer to search the premises (other than a home), wagon, automobile, vehicle, contrivance, thing or device described in such affidavit. Such warrant shall be substantially as follows:

"State of Colorado, County of..............ss.

The People of the State of Colorado to..............

"Greeting:

"Whereas there has been filed with the undersigned an affidavit of which the following is a copy:

(Here copy affidavit.)

"Therefore you are hereby commanded, in the name of the people of the state of Colorado, forthwith, together with the necessary and proper assistance to enter into ...........................................

(Here describe the place mentioned in the affidavit.) of the said.....................situate in the county of ...............aforesaid and there diligently search for the said intoxicating liquors and that you bring the same or any part thereof found in such search, together with such vessels in which such liquors are found and the implements and furniture used in connection therewith, and the automobile, wagon, vehicle, contrivance, thing or device in which carried, forthwith before me, to be disposed of and dealt with according to law.

"Given under my hand and seal this..........day of ...............A. D. 19....

...........................
Judge of the..............Court
or Justice of the Peace."

Section 3712. "If any intoxicating liquors are there

found, said officer shall seize the same and the vessels in which they are contained and all implements and furniture used or kept in connection with such liquors in the illegal selling, bartering, exchanging, giving away or carrying of same, and any wagon, automobile, vehicle, contrivance, thing or device used in conveying same, and them safely keep and make immediate return on such warrant. Such property shall not be taken from the custody of any officer seizing or holding the same, by writ of replevin or other process, while the proceedings relating thereto are pending. Final judgment of conviction in such proceedings shall be a bar to any and all suits for the recovery of any such property so seized, or the value of the same, or for damages alleged to arise by reason of such seizure and detention. The judgment entered shall find said liquor to be unlawful and shall direct its destruction forthwith. The said wagon, automobile, vehicle, contrivance, thing or device, vessels, implements and furniture shall likewise be ordered disposed of as personal property is sold under execution and the proceeds therefrom applied, first in the payment of the cost of the prosecution and of any fine imposed, and the balance, if any, paid into the general school fund of the county in which such conviction is had. The officer serving the warrant shall forthwith file a complaint in the court issuing same, charging such violation of law as the evidence in the case justifies. If such officer refuses or neglects to file such complaint, then the person filing the affidavit for the search warrant, or any other person, may file such complaint. * * * The person making affidavit for the warrant to search may personally accompany the officer who serves the warrant, and enter the place with such officer, and give information and assistance to such officer in searching the premises.''

Section 3713. ''Any sheriff, deputy sheriff, constable, or any municipal officer designated by ordinance, or any other officer or person authorized by this act, having

personal knowledge or reasonable information that intoxicating liquors are being kept in violation of law in any place (except a home as in section 4 provided), shall search such suspected place without a warrant, and without any affidavit being filed, and if such officer or person finds upon the premises intoxicating liquors, he shall seize the same together with the vessels in which they are contained and all implements and furniture used in connection with such liquors in the illegal keeping, selling, bartering, exchanging, giving away or carrying the same, and any wagon, automobile, vehicle, contrivance, thing or device used in conveying said liquors or kept for the purpose of violating any of the provisions of this act, and arrest any person or persons in charge of such place, or aiding in any manner in carrying on the business conducted in such place, and shall take such person, or persons, with the liquors, vessels, implements and furniture, wagon, automobile, vehicle, contrivance, thing or device, so seized, forthwith, or as soon as convenient, before a justice of the peace or judge of any court in the county in which such seizure is made having jurisdiction as herein provided to try cases for a violation of this act and such officer shall without delay make and file a complaint for such violation of law as the evidence justifies. It shall be lawful for officers in executing the duties imposed upon them by this section to break open doors or enclosures for the purpose of obtaining possession of such intoxicating liquors."

Section 3720. "There shall be no property rights of any kind whatsoever in any liquors, vessels, appliances, fixtures, bars, furniture, implements, wagons, automobiles, vehicles, contrivances, or any other things or devices used in or kept for the purpose of violating any of the provisions of this act."

Counsel for the constable defends on the ground that the process of the court, valid on its face, afforded complete protection from liability for any proper act done

in its execution; that the mortgagee forfeited any rights in the car when same was used for violation of the statutes quoted; and that mortgagee's remedy, if any, was a replevin suit, or an intervention in the suit against Kennedy in which he was found guilty. We do not agree with counsel in the first and last propositions. The action against Kennedy could have been had, and as appears from the record, was had, without notice to or knowledge of the mortgagee.

The procedure under any law which provides for its own enforcement by means of search, seizure, and disposition of or forfeiture of property, must be strictly complied with in order to retain the virtues of the law. Forfeitures are not favored, and indulgence by the courts in sanctioning loose procedure under such laws, invites disastrous results. "The courts are uniform in holding that proceedings for the issuance of a search warrant are strictly construed and that every constitutional and statutory requirement must be observed or the search will be illegal." Search and Seizure, Cornelius (2d Ed.), p. 452, §184. The warrant itself is not a model of statutory compliance. Section 3711, being the search and seizure statute, seems to provide that any person may make the affidavit, and then apparently treats that person as the complainant. When proper affidavit has been made, the justice of the peace before whom it is made, shall issue a warrant to an officer, not to blank, as was done here, but to any officer. It provides that complainant may designate an officer who has the power to serve original process. This is a clear and distinct limitation as to whom the warrant may be directed. The officer, so designated, is commanded by the warrant to make the search. Searches cannot be made by anyone who might chance to have a blank warrant in his possession. If occasion arises, responsibility must find its place on those who are charged with and have the power to serve an original process.

If seizure is made, the officer is commanded to forthwith take the object of the seizure before the justice of the peace who issued the warrant, not before a justice of another precinct, as was the case here. This would allow, under the particular warrant in this case, an irresponsible and designing person to seek a justice of the peace in a remote part of the county, where he could further his designs. The justice of the peace in the latter instance would not acquire jurisdiction in the matter of disposition and sale of the seized property. The affidavit on which the warrant was issued is a proper and necessary part of the files of the justice of the peace issuing the warrant, and return of the warrant of seizure must necessarily be made to the place of the affidavit. Do we know that the second justice of the peace in this case had before him any file of the original affidavit? There must be basis and foundation for his jurisdiction. It cannot be questioned that he had jurisdiction to try the matter of the violation of the intoxicating liquor law, but the statutory disposition of seized property is another matter. A part of section 3712 is as follows: "The officer serving the warrant shall forthwith file a complaint in the court issuing same, charging such violation of law as the evidence in the case justifies. If such officer refuses or neglects to file such complaint, then the person filing the affidavit for the search warrant, or any other person, may file such complaint."

Section 3713 provides for search and seizure, under certain conditions, without a warrant, but makes no provision for disposition of articles seized. Under the conditions of this section, proceedings may be had before any justice of the peace of the county. We are here dealing with a proceeding had under a warrant issued apparently under section 3712, and the formalities required under this statute must be strictly complied with. In proceeding under a search warrant there must be a strict compliance with whatever formalities are re-

quired by statute. *United States v. Borkowski,* 268 Fed. 408. It then follows that if the search was illegal, the seizure thereunder was illegal for the same reason. Without jurisdiction, the process of the second justice of the peace was without validity and the constable cannot protect himself through such invalidity, against liability for his acts thereunder.

Counsel for the constable contends that under section 3712, after the final judgment of conviction, this suit for the value of the property seized, is barred; that the innocent lienor forfeited his rights by loaning or permitting a third party to use the automobile unlawfully; that the mortgagee stands in the shoes of the violator of the law and is estopped by operation of the statute from raising any claim by reason of the forfeiture. He supports his argument by the decision of this court in the case of *Lindsley v. Werner,* 86 Colo. 545, 283 Pac. 534. That decision was based upon the assumption of proper and strict compliance with the statute and is beside the point upon which we are now deciding this case.

The search and seizure in this case being illegal and the proceedings for disposition of the property invalid, the judgment of the trial court must be and is reversed with directions to enter judgment for the mortgagee in such amount as may be found to be justly due it, not to exceed the sum of $500.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.